## BUTLER v. ROBERTSON.

Where the defendant pleaded that the note, sued on, which was payable to Christian English or bearer, was the property of the estate of said English, and not of the plaintiff, and a witness testified that the note belonged to English at the time of his decease, and was the property of his estate, and it did not appear from the evidence, when or in what manner the plaintiff became the bearer of the note, this Court said, This case is not distinguishable from those heretofore decided by this Court, in which it was held that the person in whom is the legal title to the note, may maintain the action, though the equitable ownership be in another; had it appeared that English had possession of the note at the time of his death, or that it came to the possession of the plaintiff after its maturity, it would have presented a different case, &c. (There was administration on the estate of English.)

There can be no question of the ability of a married woman, to make a valid contract for the improvement or preservation of her separate property, effectual to bind her and subject her separate property to the payment of the debt so contracted. (The proof was, in this case, that the husband and wife did not live together.)

Error from Washington. This was an action by the defendant in error, against the plaintiff in error, on a promissory note of the latter, made payable to Christian English or bearer, six months after date. The defendant pleaded, 1st. That the plaintiff was not the owner of the note, but that it belonged to the estate of Christian English, deceased. 2nd. That, at the time of the making of the note, the defendant was a married woman, and incapable of binding herself.

A witness testified that the note belonged to the estate of Christian English, and that it was the property of English at the time of his death. The witness further testified that the note was given for work done upon a house and lot which was the residence of the defendant, and which had been deeded to her by the witness, and that she was a married woman at the time, but lived apart from her husband. It was admitted that there was administration on the estate of English. There was a verdict and judgment for the plaintiff, and the defendant brought a writ of error.

*Shapard* and *Giddings*, for plaintiff in error.

*Lewis* and *Barber*, for defendant in error.

WHEELER, J. It is objected to the judgment, by the assign-ment of errors, that the recovery is against law, 1st. Because the property in the note was not in the plaintiff, 2nd. Because the defendant being a married woman, the note was not binding upon her.

It does not appear from the evidence, when or in what man-ner, the plaintiff became the bearer of the note sued on. It is to be taken, therefore, that he became possessed of it right-fully, by delivery upon its execution, or, at least, before its maturity. Being payable to bearer, it was transferrable by delivery, and the possession of the note invested the bearer with the legal title. (Greneaux v. Wheeler, 6 Tex. R. 515: Smith v. Clopton, 4 Tex. R. 109.) This enabled him to maintain the action in his own name ; and this case, therefore, is not distinguishable in principle from those, heretofore de-cided by this Court, in which it was held that the person in whom is the legal title to the note, may maintain the action, though the equitable ownership be in another. (1 Tex. R. 87; 2 Id. 397; 6 Id. 153.)

Had it appeared that English had possession of the note at the time of his death, or that it came to the possession of the plaintiff after its maturity, it would have presented a different case. But the statement of the witness, simply, that the note belonged to English at the time of his death, and that it be-longed to his estate, does not, we think, repel the presumption in favor of the fairness and legality of the plaintiff's posses-sion, or establish that he did not acquire the possession right-fully and legally.

The remaining question, as to the liability of the defendant, on the note sued on, is free from difficulty. The evidence, we think sufficient to warrant the conclusion, that the services, which were the consideration of the note, were rendered in

the improvement of the separate estate of the defendant, or for its preservation, and consequently for her benefit; and, for these objects, there can be no question of the ability of the defendant to make a valid contract, effectual to bind her and subject her separate property to the payment of the debt so contracted. (Cartwright v. Hollis, 5 Tex. R. 152; Hollis & Wife v. Francois et al., Id. 195.)

We are of opinion that there is no error in the judgment, and that it be affirmed.

                                        Judgment affirmed.