## B. R. DAVIS & BRO. v. ABBY C. SALADEE ET AL.

### (Case No. 3544.)

1. HUSBAND AND WIFE — MARITAL RIGHTS.— A wife finally separated from her husband has power to bind her separate estate by her contracts.

APPEAL from Falls. Tried below before the Hon. X. B. Saunders.

August 20, 1875, Davis & Bro. brought this suit against appellees, upon a note made by Abby Thompson, now Abby Saladee, to appellants. Appellees defend upon the ground of the coverture of the said Abby at the time the note was made. Appellants met this with the allegations that, at the time the note was made, she was living separate and apart from her husband, and managing her business as a *feme sole.*

The evidence was to the following effect: In 1867 Mrs. Saladee married Thompson; they separated in 1872, and had not lived together since that time, her business being managed exclusively by her agent. In 1874, during this separation, she made the note in suit for a bill of furniture purchased of appellants. She was divorced from Thompson January, 1875, and married Saladee. Upon these facts the court gave judgment against plaintiffs, from which they appealed.

*Goodrich & Clarkson,* for appellants.

WATTS, J. COM. APP.— Both the pleading and evidence show that, at the time of the execution of the note sued on, the appellee, Abby C. Saladee, was living separate and apart from her then husband, Cyrus Thompson. That they had been thus living separate and apart for about two years at the time the note was executed, and they never lived together afterwards; but that soon after the note was given, she was divorced from Thompson and intermarried with Saladee. It appears that from 1872 to her marriage with Saladee, 1875, she was managing and controlling her own business as a *feme sole,* and that the note in suit was executed by her for a bill of furniture she had purchased of appellants.

In the case of Carothers v. McNese, 43 Tex., 224, the court said: "In Wright v. Hays, 10 Tex., 130, and Fullerton v. Doyle, 18 Tex., 3, and subsequent cases, it is held, if the husband totally abandon the wife, or leaves her for a number of years to discharge the duties and meet the responsibilities of a *feme sole* or the head of the community, she acquires thereby the right to manage, control and dispose

of the community property, as well as her separate estate, without his joinder or consent. And under like circumstances, she would no doubt be fully authorized to bind herself by contract, such as that upon which this suit is brought."

If, as in this case, the separation of husband and wife is permanent, the circumstances of such separation would be immaterial on a question of her power to bind her separate property by contract. In such a case, whether the husband has abandoned the wife, or the wife abandoned the husband, is a matter of no consequence. If the separation is final, she has full power over her separate property, and to contract respecting the same. By an unnecessary abandonment of her husband, she might forfeit her homestead and other such rights, but no court has ever intimated that she would thereby lose any right to or interest in her separate property.

Under the facts of this case, we are of the opinion that the note was binding upon Mrs. Saladee, and that her separate property was bound for the same.

Our conclusion is that the judgment of the court below ought to be reversed, and such judgment be rendered by the supreme court as ought to have been rendered by the court below.

REVERSED AND RENDERED.

[Opinion delivered June 13, 1882.]