## Jennings Banking and Trust Company v. City of Jefferson.

### Decided November 29, 1902.

**1.—Municipal Bonds—Issuance Authorized—City Charter—Negotiability.**

A provision in a city charter conferring the power to issue bonds in aid of a railroad authorizes the issuance of bonds having the commercial quality of negotiability. Following City of Austin v. Nalle, 85 Texas, 520.

**2.—Same—Railroad Bonds for Depot Purposes.**

Authority in a city charter to issue bonds to "aid in the construction of a railroad" will warrant the issue of bonds to purchase grounds for a depot.

**3.—Same—Action Upon—Equitable Ownership—Defenses.**

Where municipal bonds are payable to bearer they may be sued on by a legal holder thereof to whom they have been delivered for the purpose of bringing suit thereon, but are subject to any defense good against the equitable owner.

Appeal from the District Court of Marion County. Tried below before Hon. J. M. Talbot.

*F. H. Prendergast,* for appellant.

*Geo. T. Todd,* for appellee.

RAINEY, Chief Justice.—The appellant sued to recover on three certain bonds payable to bearer, issued by the city of Jefferson to purchase twenty-one acres of land for depot purposes for the Texas & Pacific Railroad.

The defendant answered under oath denying the plaintiff's ownership of the bonds and failure of consideration; also that the issuing of the bonds was ultra vires. The case was tried below by the court without a jury and judgment rendered for the defendant.

The court incorporated in the judgment three grounds for refusing relief to plaintiff. One was that the city of Jefferson was without the power to issue negotiable instruments for the purpose for which these were issued. The charter of said city authorized the board of aldermen at any time to levy a special tax for various purposes, among which was aiding "in the construction of railroads to and from Jefferson," and for the accomplishment of said purpose bonds were authorized by said charter to be issued.

The case of City of Austin v. Nalle, 85 Texas, 520, settles this ques-

tion contrary to the trial court's holding. There it is stated that "A municipal bond, in its ordinary sense, means a negotiable bond. * * * The word implies something more than mere promises to pay; that is to say, it implies bonds having the commercial quality of negotiability." As to the power of the city of Jefferson to issue negotiable bonds, there is nothing to distinguish this case from the Nalle case.

Another ground upon which the court based its judgment was that the charter did not authorize the city to issue bonds to purchase grounds for a depot. It was authorized to issue bonds to aid in the construction of railroads to and from Jefferson. This term is broad enough to include everything that is essential for the proper construction of the road. Depots are necessary for its operation, without which it would be incomplete. Depots being necessary to its construction, the purchasing of ground upon which to build one was aiding "in the construction of railroads" and was embraced within the charter's grant of power. Township v. Strong, 96 U. S., 271.

The other ground upon which the court based its judgment was that the plaintiff having failed to reply to defendant's plea denying plaintiff's ownership of the bonds, and the evidence showing the equitable ownership to be in one Roberts, plaintiff could not recover. The evidence developed that Roberts was the owner of the bonds, but they had been placed by him in the hands of plaintiff as his agent for the purpose of suit. The bonds being payable to bearer, and plaintiff being the legal holder thereof, was entitled to maintain an action thereon. Rider v. Duval, 28 Texas, 623; Butler v. Robertson, 11 Texas, 142. The equitable ownership being in Roberts, the defendant could interpose any defense that the bonds were subject to as against him.

The errors indicated require a reversal of the judgment, unless the contention of appellee that the evidence shows that the bonds were never delivered, and that there was a failure of consideration, is sustained. Without discussing the evidence we will simply say that it is not conclusive, and it appearing from the record that the court did not pass upon the issues presented in this connection, we do not feel justified in determining them on this appeal. Besides, the evidence on these issues does not appear to have been fully developed; at least, it is unsatisfactory.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*