## NEWMAN et al. v. GILL, JONES, TYLER & POTTER. (No. 8344.)

(Court of Civil Appeals of Texas. Galveston. July 27, 1922.)

**Husband and wife ⟾267(2)—Wife may dispose of her interest in community property after abandonment by husband.**

Where a husband had abandoned his wife at time of bringing a divorce suit against her, with no intention of longer discharging his duties to her, the wife had the right to contract for the disposition of a portion of her interest in the community property to an attorney to defend her in the suit, and such a contract was valid, though the husband later dismissed the suit and went back to the wife.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit for an injunction and other relief by Gill, Jones, Tyler & Potter against J. D. Newman and others. From an order overruling a motion to dissolve a temporary injunction, defendants appeal. Affirmed.

Vinson, Elkins, Wood & Pollard, of Houston, for appellants.

Gill, Jones, Tyler & Potter, of Houston, pro se.

PLEASANTS, C. J. This appeal is from an order of the district court of Harris county, overruling a motion of appellants to dissolve a temporary injunction previously granted in a suit brought by the appellees against the appellants. The appellees' suit was one to recover attorney's fees contracted to be paid them by Mrs. Emma Newman for defending a suit brought against her for a divorce by her husband, J. D. Newman, and in the alternative the appellees prayed for the recovery against J. D. Newman of a reasonable attorney's fee for representing Mrs. Newman in said suit, which was compromised and dismissed by the parties without the knowledge or consent of the appellees. The contract declared on is as follows:

"The State of Texas, County of Harris.

"This contract, this day made by and between Mrs. Emma Newman, of the city of Houston, Harris county, Texas, hereinafter styled first party, and the law firm of Gill, Jones, Tyler & Potter, composed of W. H. Gill, Frank C. Jones, Wallace Tyler, and Hugh Potter, hereinafter styled second party, witnesseth: That for and in consideration of legal services rendered and to be rendered by said law firm, and for other valuable considerations, the said parties have this day contracted together as follows:

"The said first party, Mrs. Emma Newman, having been abandoned by her husband, J. D. Newman, who filed suit for divorce against her, which divorce suit is pending, and she is without funds with which to procure and pay attorneys to represent her and protect her in said cause, and to protect her in her property rights, and to secure for her an equitable and proper partition as between her and J. D. Newman of the property owned by them jointly, that because of having been abandoned by her said husband and the said first party is acting in this contract as a feme sole, that she has employed and does hereby employ the said law firm of Gill, Jones, Tyler & Potter as her attorneys to represent her in said divorce case, and also in procuring for her what property she may be entitled to under the law, and she hereby sells, transfers, and assigns to said law firm an undivided one-fourth interest in and to all property to which she may be entitled, whether real or personal, and whether separate or community property, howsoever described or wheresoever located or situated; and she further agrees and contracts that said one-fourth of her said property has been agreed upon by her and her said attorneys as a reasonable and fair fee for the legal services of said law firm, and she hereby contracts and binds herself to execute any additional deed, bill of sale, or conveyance, or papers upon request to put this contract into full force and effect.

"It is agreed furthermore that her said attorneys will not make any compromise or settlement of her property rights without her consent. This contract is binding upon not only the parties hereto, but upon their heirs, executors, administrators, and assigns.

"It is furthermore agreed that first party, Mrs. Emma Newman, also will pay any court costs or expenses of the pending litigation or any other litigation, and same is not chargeable against the one-fourth hereby given to her attorneys, and it is furthermore agreed that, should the court make any allowance for alimony, that same shall be paid direct to first party, Mrs. Emma Newman, and should the court make any allowance for attorney's fees, that the same shall be paid direct to the second party, her attorneys, which shall be credited by them on the fee herein fixed of the one-fourth of her said property. It is agreed that the one-fourth of said property hereby assigned to my said attorneys belongs to them from the date of this instrument and whether said property is procured for me by suit, compromise, agreement, or otherwise.

"Witness our hands in duplicate, each of which should be treated as originals this the 2d day of January, A. D. 1922.

"[Signed] Mrs. Emma Newman,
"[Signed] Gill, Jones, Tyler & Potter,
"By Frank C. Jones."

Appellees' suit is against J. D. Newman, Mrs. Emma Newman, Gentry Bros., Gentry Bros.' Shows, and Gentry Bros.' Famous Shows. The prayer of the petition is for the recovery of one-fourth of the community property of J. D. and Emma Newman, and one-fourth of the separate property of Emma Newman, in the possession of the defendant J. D. Newman at the time the divorce suit was brought, and in the alternative for the recovery of a reasonable fee for the legal services rendered Mrs. Newman under the

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

contract before set out. The defendants Gentry Bros., Gentry Bros.' Shows, and Gentry Bros.' Famous Shows, were made parties under allegations charging that a large portion of the community property of the Newmans consisted of stock of the named corporation, and an injunction was asked restraining the defendants J. D. Newman and Emma Newman from disposing of any of the property described by plaintiffs, under the contract before set out, and restraining the other defendants from making any transfer on their books of any stock standing in the name of J. D. and Emma Newman.

Upon a hearing of the application for a temporary injunction, the court made the following order:

"No. 97822. Gill, Jones, Tyler & Potter v. Mrs. Emma Newman et al. In the District Court of Harris County, Texas, 55th Judicial District. On this the 3d day of March, A. D. 1922, came on to be considered the application of the plaintiffs, Gill, Jones, Tyler & Potter, in the above entitled and numbered cause for an injunction restraining the defendants J. D. Newman and Mrs. Emma Newman from incumbering, selling, or otherwise disposing of the Locomoble car, described in plaintiff's petition, or any diamonds belonging to Mrs. Emma Newman, or any shares of stock in Gentry Bros., Gentry Bros.' Shows, and Gentry Bros.' Famous Shows, during the pendency of this suit, and restraining the defendants Gentry Bros.', Gentry Bros.' Shows, and Gentry Bros.' Famous Shows from making any transfer on the books of said corporations of any shares of stock in said corporations now standing in the name of defendants Mrs. Emma Newman or J. D. Newman, or from issuing any new certificates of stock in lieu of shares in said corporations now outstanding in the name of said J. D. Newman or Mrs. Emma Newman; and it appearing to the court that no answer has been filed by any of the defendants to said application for an injunction, and that the temporary restraining order and injunction originally issued in this case provided that the same remain in full force and effect until the further orders of this court herein: It is therefore ordered, adjudged, and decreed by the court that the temporary injunction issued herein and on the ―――― day of January, 1922, be and the same is hereby continued in full force and effect, and in all respects made final and permanent, unless dissolved or vacated by the further orders of this court.

"Ewing Boyd, Judge."

The defendant J. D. Newman in due time filed the following verified motion to dissolve the injunction:

"Gill, Jones, Tyler & Potter v. Mrs. Emma Newman et al. No. 97822. In the 55th District Court of Harris County, Texas. Now comes J. D. Newman, one of the defendants in the above cause, and for answer to plaintiff's petition and as ground for the dissolution of the injunction heretofore granted in this cause against this defendant, says:

"(1) Defendant demurs to said petition and says that the same shows no equities entitling the plaintiffs to writ of injunction heretofore granted in this cause, and of this demurrer he prays the judgment of the court.

"(2) He denies all and singular the allegations in plaintiffs' said petition, except those hereinafter specifically mentioned, and demands strict proof thereof, and of this he puts himself upon the country.

"(3) This defendant specially denies that Mrs. Emma Newman was authorized to enter into the contract made the basis of this suit, and which the plaintiffs allege that she executed, and further denies that he ever abandoned her in' the sense that she was constituted a feme sole for the purpose of entering into any contract, and particularly does he say that under the facts and circumstances of his separation from her she was not authorized to enter into the contract which plaintiffs allege that she did execute, and he particularly denies that the plaintiffs have any interests in any property by reason of said contract.

"(4) Defendant further says that he constantly sent to Mrs. Emma Newman money for her support and maintenance right up to the time of the filing of this suit, and would have continued the same to her, had she not come to Houston, and even after she came to Houston, and while she was here, he supported and maintained her, and gave to her money during said time, and while the suit was pending, and before the dismissal of the divorce suit which was filed by this defendant.

"(5) Defendant further says that, even if Mrs. Emma Newman was authorized to enter into the said contract (which is not admitted, but expressly denied), that she was entitled to no property, and that, therefore, the plaintiffs acquired nothing by reason of said contract, and therefore the injunction should be dissolved.

"(6) Defendant further says that, even if the plaintiffs acquired any interest in any property owned by Mrs. Newman or this defendant, by reason of the said alleged contract, that they have an adequate and complete remedy at law, and there is no occasion for the injunction issuing against this defendant, and for this reason the same should be dissolved.

"Wherefore, premises considered, defendant prays that the injunction heretofore granted in this cause to be dissolved and held for naught.

"Vinson, Elkins & Wood,
"Attorneys for Defendant, J. D. Newman."

The record discloses that in pursuance of their contract appellees filed an answer and cross-action for Mrs. Newman in the divorce suit, and procured an injunction restraining appellant J. D. Newman from disposing of any of the community property, or from incumbering it. They also had numerous conferences with Newman, and with his attorneys, in an effort to settle the property rights of his wife. Thereafter Mrs. Newman and appellant J. D. Newman settled their differences, and without the consent or knowledge of their attorneys went into court and dismissed their respective suits, and both refuse to recognize any right in appellees under the contract before set out.

In his suit for a divorce J. D. Newman alleged:

"Plaintiff further shows to the court that heretofore, to wit, on or about the 23d day of November, 1906, plaintiff and defendant were legally married in St. Louis, Mo., and that they continued to live together until about the month of November, 1919, *when this plaintiff abandoned this defendant*, on account of the conduct and demeanor of the defendant herein."

This allegation is followed by charges of misconduct and vicious habits on the part of Mrs. Newman of such a nature as to render plaintiff's living with her insupportable. There is no recognition in the petition of any property rights of Mrs. Newman, and no admission that the plaintiff has in his possession any property belonging to her, or that there is any community estate in which she has an interest. After having been served with notice of this suit, Mrs. Newman came to Houston from Missouri, and a few days before appearance day in said suit she employed appellees to represent her. When she called upon appellees to procure their services, she told them she had no money and no way of paying them for their services in protecting her rights, other than by giving them an interest in whatever property they might secure for her in the suit. Appellees agreed to take her case on these terms, and the contract above set out was then executed.

The right of a wife who has been abandoned by her husband to sell or otherwise dispose of community property whenever necessary for the welfare of herself or children is well settled by the decisions of our Supreme Court. In the early case of Wright v. Hays' Adm'r, 10 Tex. 135, 60 Am. Dec. 200, it is said:

"It appears, then, that the rights and duties of the husband are reciprocal. If he be vested with high powers, he is subject to corresponding duties. As the land in controversy may be taken (at least for this inquiry) as a portion of the community acquisitions, our attention will be directed to the rights and obligations of the husband and wife, in reference to such property. Their rights of property in the effects of the community are perfectly equivalent to each other. The difference is this: That, during coverture, her rights are passive; his are active. He has the free administration and disposition (if untainted by fraud against the wife) of such property; and he is subject to the corresponding duty of maintaining his wife and family, and defraying out of this property, the debts contracted during marriage. So long as he discharges his duty as a husband, his superior rights remain, unquestionably, in full vigor. But when he abandons the administration of the common property, deserts his wife and country, when he ceases the discharge of his duties, and contributes, in no mode, to the support of his wife and family, reducing the wife to the necessity of providing for them and of taking care of the common property, or otherwise suffering it to go to waste, and when this absence is prolonged several years, do not his rights over the effects of the community, from the nature of things, cease? And are not the passive rights of the wife quickened into vigorous activity?"

The court, upon the facts of that case, answered the questions propounded by it in the affirmative, and upheld the right of the wife to dispose of community property. The doctrine announced in this case has been reaffirmed, and the scope of its application enlarged, in numerous later cases. Many of the cases involving the right of the abandoned wife are cited in the case of Heidenheimer v. Thomas, 63 Tex. 287, in which case it was said:

"In a number of cases the right and power of a wife who has been abandoned by her husband to sell, without being joined by him, her separate estate, as fully and in the manner that a feme sole may, has been recognized, as has been her right and power to sell, when thus situated, the common property, when necessary to the maintenance of herself and family. Wright v. Hays, 10 Tex. 135; Cheek v. Bellows, 17 Tex. 617; Fullerton v. Doyle, 18 Tex. 13; McAfee v. Robertson, 41 Tex. 358; Kelley v. Whitmore, 41 Tex. 648; Ann Berta Lodge v. Leverton, 42 Tex. 18; Walker v. Stringfellow, 30 Tex. 573."

In the recent case of Moss v. Ingram, 239 S. W. 1029, Justice Higgins, of the El Paso Court of Civil Appeals, makes the following collation of authorities upon this question:

"It is definitely established that, upon the abandonment of the wife by the husband and their permanent separation, she may convey her land without his joining in the deed. Wright v. Hays, 10 Tex. 130, 60 Am. Dec. 200; Hector v. Knox, 63 Tex. 613. And to enable the abandoned wife to so convey it is not necessary that there be a necessity for the sale. The question of necessity is material only when the abandoned wife sells community property. Clements v. Ewing, 71 Tex. 370, 9 S. W. 312. Furthermore, the length of time elapsing between the abandonment and the wife's conveyance is not material, except as evidence to show whether the absence is merely temporary or permanent. Her power to convey arises out of the fact of permanent abandonment, and not on the length of its continuance. Fullerton v. Doyle, 18 Tex. 3. And 'whether the husband has abandoned the wife, or the wife abandoned the husband, is a matter of no consequence.' Davis v. Saladee, 57 Tex. 326; Fullerton v. Doyle, supra.

"There are many other reported cases upholding the power and authority of an abandoned wife to contract, particularly with reference to her separate estate, as if she were a feme sole. See Butler v. Robertson, 11 Tex. 142, where the wife, after abandonment by her husband, was held personally liable on a note executed by her alone. And in Wright v.

Blackwood, 57 Tex. 644, the wife was held personally bound by power of attorney, granting power to repair her separate estate, executed after she had separated from her husband, under which the donee of the power executed a contract to repair, whereunder the other party acquired a valid lien.

"Wright v. Hays, supra, involved the validity of a deed executed by an abandoned wife. The conveyance was upheld. In the course of the opinion it was said: 'The default of the husband and the necessity of the wife's situation require, and the law authorizes, her to assume his position, for the care of herself, her family and property, and vests her with the capacity of a feme sole. His desertion and absence are the foundation of her new rights and authority. His absence or civil death are prerequisites to the acquisition of these rights by the wife. The joining of the husband in the wife's conveyance, her privy examination and declaration that she acts freely, all presupposes that a husband is present and may be exercising undue influence over her. But how can these formalities be requisite in cases where the right of the wife (and they are acknowledged by law) depend upon the supposition that, de facto, she has no husband? How could he join in a conveyance, when his absence is the ground upon which she acquired her right of property, and upon which she can make contracts and sue and be sued in her own name?'

"Harris v. Hamilton (Com. of Appeals) 221 S. W. 273, involved the validity of a deed of trust executed by an abandoned wife upon her homestead. The lien was upheld. In that case it was said: 'The power to convey necessarily includes the power to mortgage, in the absence of some constitutional or statutory inhibition. It has been repeatedly held in this state that a married woman, after being permanently abandoned by her husband, can convey her separate property, whether her homestead or not, without the joinder of her husband [citing authorities]. The basis of these decisions is that, while the relation has not been legally severed, a status is created in the wife, in so far as her property rights are concerned, identical with that of a feme sole, giving her full power over her property the same as if the marital relation did not exist.'

"From these decisions and others which might be cited we are of the opinion that the permanent separation of Mrs. Moss and her husband operated to remove her disability of coverture, so far as it related to the necessity of her husband joining in a deed conveying her separate estate, and that by such separation she was reinvested with full authority to convey such estate by deed as if she were a feme sole. This being the case, she is estopped by her acts the same as other persons sui juris. See 10 R. C. L. subject 'Estoppel,' § 55."

It is also well settled by our decisions that, under the doctrine of necessity, the attorney for the wife in a divorce proceeding is entitled to recover against the husband reasonable compensation for services, and where in such proceedings the husband and wife settled their differences and the suit is dismissed without the knowledge of the attorney, if he and his client acted in good faith in bringing the suit, he can recover in an independent action against the husband. Such being the law as to the general rights of the wife to dispose of community property, the only questions presented by this appeal are: First, had Mrs. Newman been abandoned by her husband at the time she made the contract with appellees? and, second, was the execution of the contract necessary for the protection of her rights? We think, upon the evidence, the trial court was authorized to decide both of these questions in the affirmative.

It would be hard to establish a case of abandonment of a wife by her husband, if his bringing a suit against her for divorce on the ground of misconduct and vicious habits, and alleging in his petition that he had abandoned her some time prior to the bringing of the suit, should be held insufficient to show abandonment. The fact that he afterwards took her back cannot affect the question. If he had abandoned her at the time he brought the suit, with no intention of longer discharging his obligations and duties to her, such abandonment gives her the right to dispose of her interest in the community property as her necessities might require, and his subsequent change of intention would not defeat a contract which was valid under the circumstances existing at the time it was executed. If, as the trial court found upon sufficient evidence, she had no other means of defending herself against the charges brought against her by her husband, and of protecting her property rights, than to contract for the disposition of a portion of her interest in the community property, there is, we think no principle of law which would deny her the right to make such a contract.

There is no question of fraud or unfairness in the contract, and we think all of the questions presented by this record should be decided against the appellants. It follows that the judgment of the trial court, overruling the motion to dissolve the temporary injunction, should be affirmed; and it has been so ordered.