**FAIRBANKS v. FAIRBANKS.**

No. 8450.

Court of Civil Appeals of Texas.   San Antonio.
June 11, 1930.

Rehearing Denied July 16, 1930.

G. D. Fairbanks, of Brownsville, for appellant.

Graham, Graham & Graham, of Brownsville, for appellee.

SMITH, J.

Margaret McAllen Fairbanks, styled appellee herein for convenience, is the wife of Dr. G. D. Fairbanks, styled appellant. The case presented is accurately stated by appellee, as follows:

"Under the authorization of article 4617, Revised Statutes of 1925, the appellee filed her application in the District Court of Cameron County, Texas, setting out therein that she was the owner in her own separate right of certain large separate estate, more particularly described in said application; that taxes upon said properties approximating $40,000.00 were due and must be paid before the end of January, 1930, to prevent penalties and other charges accruing thereon to the extent of $4,000.00; that she did not have the funds with which to take care of these taxes, but that the Merchants National Bank of Brownsville, Texas, was willing to loan to her said $40,000.00 with which to pay said taxes, taking her note therefor secured by a lien upon said properties; that her husband, the appellant herein, although having been requested so to do, refused to join her in the execution of the necessary note and deed of trust, with result that the said separate properties might be lost because of the accrued tax liens thereon—whereupon the appellee prayed for the order and judgment of the court authorizing her to execute said note and deed of trust without the joinder of her said husband, appellant herein.

"No citation was issued and served upon the husband, appellant, but he appeared in person at the hearing upon the application, and while he filed no pleading he was recognized in his own behalf by the court and orally heard in open court.

"Upon the hearing had on said application, and after hearing from both the appellant and the appellee thereon, the trial court granted the application, and entered its order and judgment authorizing appellee to execute the note and deed of trust in question, to which judgment the appellant in open court excepted and gave notice of appeal, and has brought the matter before this court for review."

Article 4617, R. S. 1925, under which the proceeding was had, is as follows:

"If the husband be insane or shall have permanently abandoned his wife, or shall refuse to join in such encumbrance, conveyance or transfer of such property, the wife may apply to the district court of the county of her residence, and the court, in term time or vacation, upon satisfactory proof that such encumbrance, conveyance or transfer would be advantageous to the interests of the wife, shall make an order granting her permission to make such encumbrance, conveyance or transfer without the joinder of her husband, and she may then encumber, convey or transfer said property without such joinder."

It will be observed that the proceeding prescribed in the statute is purely ex parte, and in its prosecution below it was so treated. Dr. Fairbanks, nor any one else, was made a party to it, nor did he file any written answer, intervention, or other pleadings in it, al-

though he did appear in person at the hearing of the application and orally protested against the granting thereof, excepted to the order entered thereon, and gave notice of appeal therefrom. Subsequently he filed assignments of error and appeal bond, and brought the record here as in ordinary civil suits.

The proceeding is purely statutory, and we must therefore look to the statutes for any rights and remedies thereunder. As under the statute the proceeding is purely ex parte, provides no right or method of impleading others than the proponent, and is not such a suit or action as would allow appeal under the general statutes, an appeal does not lie therefrom, especially in behalf of a person not impleaded in the first instance, or who has not made himself a party by intervention or other written pleadings. He is not affected by the proceeding, is not bound by any orders of judgment entered therein, in fact, is a stranger thereto. If any person other than the proponent is affected or aggrieved by such proceeding, he has ample remedies through other proceedings of his own selection, to which he is relegated. Such is the position of Dr. Fairbanks, at whose cost this appeal is hereby dismissed.