## TEXAS PRUDENTIAL INS. CO. v. WILLIS et al.

### No. 12970.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 18, 1935.

Rehearing Denied Feb..22, 1935.

Bryan, Stone, Wade & Agerton and G. W. Parker, Jr., all of Fort Worth, for appellant.

Frank R. Graves, of Fort Worth, for appellees.

BROWN, Justice.

In this case appellees, Mrs. Bertha Willis and her husband, A. F. Willis, brought suit against appellant, Texas Prudential Insurance Company, upon a life insurance policy for $1,000, together with penalty, interest, and attorney's fees, said policy having been issued on the life of appellees' daughter, Thelma Lorena Hull, making the usual averments relative to issuance of the policy, death of the insured, and failure to pay.

Appellant insurance company answered, setting up as defenses that the insured was not in good health at the time the policy was delivered, and that the policy specifically provides that the policy shall not take effect until it is delivered to the assured and accepted by her during her lifetime, and while she is in good health, and alleged the ill health of the insured at the time the policy was delivered, and further alleged that the insured was confined in a hospital at the time the policy was delivered.

Appellees, by a supplemental petition, denied generally the averments in appellant's answer, and alleged further that long prior to the issuance of the $1,000 policy, viz., in 1921, the insured applied to appellant for an insurance policy on her life in the sum of $250, which was issued to her, and that in November, 1931, the agents of the insurance company solicited the insured to change the $250 policy into a $1,000 policy, and by reason of such solicitation she surrendered the $250 policy on November 18, 1931, and signed the application for the policy in the sum of $1,000, and on November 27, 1931, in consideration of the surrender of the former policy and the payment of the premium provided, the appellant issued its policy No. 21390 (for $1,000), being the policy sued upon; and answered further that the insurance company required no medical examination of the insured. That at the time the policy was delivered to the plaintiff, mother of the insured, Mrs. Willis, she informed. the agent of the company that the insured was then in the hospital, and alleged further that the insured fully recovered from the ailment for which she was confined; and pleaded that the acts set out constituted a waiver on the part of the insured. And this supplemental petition concludes as follows: "Wherefore, plaintiffs pray as in their original petition." .

The trial court submitted only one issue of fact to the jury, viz., "Do you find from a preponderance of the evidence that the plain-.

tiff, Mrs. Bertha Willis, told the company's agents, C. C. Powell and B. H. Hale, at the time of the delivery of the policy in question to her, that the insured, Mrs. Thelma Lorena Hull, was in the hospital for treatment?" To which the jury answered, "Yes."

After receiving such verdict the trial court entered judgment that appellees, Mrs. Bertha Willis, joined by her husband, A. F. Willis, recover of the defendant, Texas Prudential Insurance Company, appellant here, the sum of $250, together with $30 statutory penalty and $75 attorney's fee, being in the aggregate the sum of $355. The defendant insurance company has appealed from this judgment.

We do not believe that the averments of the plaintiffs' supplemental petition state a cause of action upon the original policy issued for the principal sum of $250. We are further of the opinion that it is not the office of a supplemental petition to set up a different cause of action from that set forth in the petition upon which plaintiffs went to trial, and appellant's fourth assignment of error, complaining of the rendition of such judgment, is sustained. We do not deem it necessary to notice at this time the other assignments of error, since we have concluded that the case should be reversed and remanded for a new trial.

Reversed and remanded.