SERVICE PARTS CO., Inc., v. BIZZELL et al.

No. 1836.

Court of Civil Appeals of Texas. Eastland.

Oct. 21, 1938.

Smith & Eplen, of Abilene, for appellant.

Homer T. Bouldin, of Albany, and Omar T. Burleson, of Anson, for appellees.

GRISSOM, Justice.

The City of Stamford sued W. E. and Udie Bizzell for taxes alleged to be due on certain lots in Stamford. W. J. Dodson, Laura Williams and her husband, Hilton Williams, Service Parts Company, Inc., a corporation, and Texas Pacific Coal & Oil Company, a corporation, were also made defendants, it being alleged that they were asserting liens against the lots. Texas Pacific Coal & Oil Company filed a disclaimer. The City of Stamford dismissed its suit for taxes. Service Parts Company, Inc., prior to the dismissal by the City of Stamford of its suit for taxes, filed what is denominated as its Answer and Cross-action (which will be hereinafter, for convenience, referred to as plaintiff's original petition), and therein alleged, in substance, (a) that on July 8, 1935, the defendant Udie Bizzell executed and delivered to F. E. Dodson her promissory note for $1,044, etc. (b) That on July 8, 1935, Udie Bizzell executed a deed of trust on the lots in controversy to secure the payment of said note. (c) That on January 27, 1936, Dodson transferred the note and deed of trust lien to Service Parts Company, Inc. (d) That no interest had been paid on the note and, by virtue of a provision therein to that effect, Service Parts Company, Inc. (hereinafter called plaintiff) had elected to declare said note due and payable. (e) That "defendants Udie Bizzell and W. E. Bizzell * * * are husband and wife, but have been separated for many years, and have divided their property, that the above described property is the separate property of the said Udie Bizzell." (f) Plaintiff alleged that W. J. Dodson and Laura Williams and her husband were asserting some kind of a claim or lien against said property which was inferior to plaintiff's lien. Plaintiff prayed for judgment against Udie Bizzell for the principal, interest and attorney's fees due 'on the note above described and for a foreclosure of the deed of trust lien against all parties.

W. E. Bizzell and Udie Bizzell answered by general demurrer and general denial.

The general demurrer was overruled, and they excepted. Said defendants further answered that at the time of the execution of the note and deed of trust sued on Udie Bizzell was the wife of W. E. Bizzell; that she was not joined therein by her husband; that at all times in question the lots, on which foreclosure of the deed of trust lien was sought, constituted the homestead of the Bizzells.

Plaintiff filed its supplemental petition in which it alleged (a) that W. E. and Udie Bizzell permanently separated in 1925, since which time they had not lived together as husband and wife; that at said time they had a property settlement and for such purpose conveyed the property in question to Mrs. J. C. Dodson, the mother of Udie Bizzell. (b) That Mrs. Dodson paid W. E. Bizzell $2,500 for his one half interest in the property. (c) That Mrs. Dodson reconveyed the property to Udie Bizzell for the recited consideration of $5,000, $2,500 of which was recited as cash "but which in reality was Udie Bizzell's interest in said property. The $2500 evidenced by five $500 notes represented the interest which W. E. Bizzell formerly owned and which had been acquired by Mrs. J. C. Dodson when she paid W. E. Bizzell for his interest in said property * * *." (d) That on January 24, 1931, Mrs. Bizzell and Mrs. Dodson extended the due dates of the five notes for $500 each. (e) That after the death of Mrs. Dodson in 1935 "the notes being among the assets of the estate of Mrs. Dodson * * * were renewed and extended by making three notes each in the sum of $1,044, Note No. 1 being payable to F. E. Dodson, a brother of Udie Bizzell, Note No. 2 being payable to Laura Williams, wife of P. H. Williams, a sister of Udie Bizzell, and Note 3 being payable to W. J. Dodson, a brother of Udie Bizzell. That said notes were secured by deed of trust on the above described property." (f) That plaintiff was the owner of Note No. 1 by regular transfer and further that the Bizzells were estopped to plead the coverture of Mrs. Bizzell "(a) Because at the time of the execution of the original notes, of which the one sued upon is a renewal and extension, W. E. Bizzell and Udie Bizzell were permanently separated and had divided their property. And further that W. E. Bizzell had no interest in said property whatsoever. (b) Because Udie Bizzell has extended and renewed the notes in question, and is therefore now es-

topped to claim any disability of coverture, (c) Because defendant Udie Bizzell actually owes the money represented by the note sued upon herein, it being part of the purchase price of the property in question."

Plaintiff further alleged that Udie Bizzell was not entitled to the homestead for the reasons heretofore set out, and further because "she has abandoned said property * * * and is not living therein now, and has not for many years" and plaintiff further alleged that Udie Bizzell was living in other property, had been renting said property claimed as homestead and using the proceeds from said rent and that Udie Bizzell was not, under the facts stated, entitled to a homestead.

The defendants W. J. Dodson and Laura Williams and husband filed their cross-action against the Bizzells in which they alleged that on the 8th day of July, 1935, Udie Bizzell executed to each of them a note for the sum of $1,044, bearing interest at the rate of 6 per cent per annum, and providing for attorney's fees; that on said date Udie Bizzell executed a deed of trust on the property in controversy to secure the payment of said notes; that Udie Bizzell had failed to pay the interest on said notes and pursuant to a provision therein to such effect they had elected to declare the full amount of said notes due and payable. They prayed for judgment for their debt, interest, etc., and for foreclosure of their deed of trust lien on the premises in controversy.

The trial was to the court and it rendered judgment denying the Service Parts Company, Inc., and W. J. Dodson and Laura Williams and husband any recovery against the Bizzells and denying foreclosure of the deed of trust lien.

From this judgment the Service Parts Company, Inc., has appealed.

■ Plaintiff's original petition was filed November 6, 1936, and having alleged the execution of the note and deed of trust by Udie Bizzell alone on July 8, 1935, and having contained allegations 'that "Udie Bizzell and W. E. Bizzell * * * are husband and wife but have been separated for many years" and that W. E. Bizzell is "the husband of Udie Bizzell" disclosed and alleged affirmatively that Udie Bizzell was a married woman at the time she executed the note and deed of trust sued on. The petition was subject to a general demurrer unless it contained further allegations showing her authority as a married woman to execute the note and deed of trust sued on without the joinder of her husband. Matthies v. Rannals, Tex.Civ.App., 91 S.W.2d 380; Snyder-Bell Grocery Co. v. Hamilton, Tex.Civ.App., 276 S.W. 752, 755; Trimble v. Miller, 24 Tex. 214; Whisenant v. Thompson Bros. Hardware Company, 120 S.W.2d 316, decided by this court on September 23, 1938, and authorities therein cited. If plaintiff's allegation in its original petition that the Bizzells had been separated for many years may be construed, as against a general demurrer, as tantamount to an allegation that the Bizzells were permanently separated, then plaintiff's original petition stated a cause of action. Davis & Bro. v. Saladee, 57 Tex. 326; Harris v. Hamilton, Tex.Com.App., 221 S.W. 273; Waggoner Bank & Trust Co. v. Warren, 111 Tex. 318, 234 S.W. 387. The trial court overruled the general demurrer. The court evidently so construed the plaintiff's original petition. The evidence introduced indicates it was tried on the theory that Mrs. Bizzell was authorized to bind herself and her separate property without joinder of her husband because they were permanently separated. Plaintiff introduced evidence tending to show an execution by a wife of a note secured by a deed of trust lien on her separate property, without joinder of her husband, while permanently separated from her husband.

■ A married woman, permanently separated from her husband, can mortgage her separate estate, even though it is her homestead. Harris v. Hamilton, Tex.Com. App., 221 S.W. 273, 275. If at the time of the execution of the note and deed of trust sued on she was permanently separated from her husband, Mrs. Bizzell individually and her separate property, included in the deed of trust, were bound. Davis & Bros. v. Saladee, 57 Tex. 326.

"During the permanent separation of the husband and wife, the latter had the same power of management and control of her own separate estate as though the marriage had been dissolved by the husband's death." Waggoner Bank & Trust Co. v. Warren, 111 Tex. 318, 322, 234 S. W. 387, 389.

Also, see Mabry v. Citizens Lumber Co., 47 Tex.Civ.App. 443, 105 S.W. 1156, writ refused; Moss v. Ingram, Tex.Civ.App., 239 S.W. 1029, 1033, writ refused; Newman v. Gill, Jones, Tyler & Potter, Tex. Civ.App., 243 S.W. 697; Miller v. Stine, Tex.Civ.App., 99 S.W.2d 397, 400; Downs

v. Farmers' Grain & Imp. Co., Tex.Civ. App., 36 S.W.2d 292; Lawson v. Armstrong, Tex.Civ.App., 227 S.W. 687; Keys v. Tarrant County Bldg. & Loan, Tex.Civ. App., 286 S.W. 593; Fairbanks v. Fairbanks, Tex.Civ.App., 30 S.W.2d 337.

■ Appellant did not obtain findings of fact and conclusions of law by the trial court. Under such circumstances, it becomes our duty to presume that the trial court has found every fact which has support in the evidence that will support, or is in accord with, the judgment. We think there is evidence that would have authorized the court to find (1) that W. E. and Udie Bizzell were never permanently separated, and certainly that they were not permanently separated at the time Mrs. Bizzell executed the note and deed of trust sued on; and (2) that the property in question is the homestead of the Bizzells and has not been abandoned as such. It is undisputed that at all times here in question, and in fact since 1902, that W. E. and Udie Bizzell have been husband and wife, and, of course, were such at the time of the execution of the note and deed of trust sued on, as well as at the time of the execution of all the instruments in evidence, and further, that W. E. Bizzell did not join with his wife in the execution of the note and deed of trust sued on, nor in the execution of any note or extension of any note and lien introduced in evidence.

■ Both appellant and appellees treat the property in question, after the execution on October 24, 1925, of the deed by Mrs. Dodson to Mrs. Bizzell, as Mrs. Bizzell's separate property, and we shall assume that it was. Generally the joinder of the husband with the wife is necessary for the encumbrance of the wife's separate property. Art. 4614, Vernon's Ann. Civ.St. art. 4614. Exceptions to the general rule are set out in the following authorities: Lee v. Hall Music Co., 119 Tex. 547, 551, 35 S.W.2d 685; Cauble v. Beaver-Electra Ref. Co., 115 Tex. 1, 8, 274 S.W. 120; 23 Tex.Jur. 200; Currie v. Melton, Tex.Civ.App., 96 S.W.2d 806, 808, writ refused; Brown v. Stoker, Tex.Civ. App., 102 S.W.2d 248, 251, writ dismissed.

■ But, as heretofore stated, the evidence in this case is, we think, sufficient to support a finding by the trial court that there was no permanent separation of the Bizzells, and since we are required to assume that the could did so find, the appel-

lant can find no support for its contention that the judgment should be reversed from the cases cited holding that a married woman may encumber her separate realty without joinder of her husband in her contract when they are permanently separated. It is further true that the note and deed of trust executed by the wife without the joinder of her husband were not void, but were voidable only, at the instance of the wife, but where, as here, the wife establishes her coverture as a defense to a suit upon such instruments, she is not personally liable thereon, the court not finding the fact alleged to exist as constituting an exception to the statutory rule, to-wit, permanent separation of husband and wife. Currie v. Melton, Tex.Civ.App., 96 S.W.2d 806; Thomason v. Haskell Nat. Bank, Tex.Civ.App., 56 S.W.2d 242.

Under the assumed findings of fact by the trial court and the cause of action asserted in plaintiff's original petition, the judgment appears to be correct. In other words, plaintiff's original petition (assuming permanent separation of the Bizzells to be alleged) stated a good cause of action, but the trial court found the facts contrary to plaintiff's allegations. It is idle to speculate whether plaintiff might have recovered on some other theory than the permanent separation of the Bizzells. That was the theory upon which plaintiff's original petition was drawn and evidently the theory upon which the case was tried and judgment rendered.

■ However, when Mrs. Bizzell acquired the property and executed the vendor's lien notes, she was not personally liable for the payment of the purchase money, but the property was subject to foreclosure of the lien. 23 Tex.Jur. sec. 183; North Texas Bldg. & Loan Ass'n v. Elder, Tex.Civ.App., 66 S.W.2d 379; Daniel v. Sayle, Tex.Civ.App., 40 S.W.2d 1101; Ware v. Hall, Tex.Civ.App., 273 S. W. 925; Farm & Home Sav. & Loan Ass'n v. Abernathy, 129 Tex. 379, 102 S. W.2d 410, 104 S.W.2d 1111. We do not understand that liability of defendants is attempted to be alleged even in plaintiff's supplemental petition upon the theory that plaintiff is entitled to foreclose the vendor's lien, or that the instruments sued on were executed by the wife alone in the necessary or proper exercise of her statutory right of management of her separate estate. Art. 4614. Cauble v. Beaver-Electra Ref. Co., supra. If such theory of re-

covery was even attempted to be asserted, it is to be found exclusively in plaintiff's supplemental petition. We do not understand the law to authorize a recovery on a separate count in plaintiff's supplemental petition, alleging a different theory of liability than that contained in its original petition. The supplemental petition · was not such in name only, but in fact. "Under the rules, the defects in the petition could only be cured by an amendment, whilst the supplement is confined to the avoidance of matters of defense set up in the answer." Crescent Ins. Co. v. Camp, 64 Tex. 521, 525; South Plains Coaches v. Behringer, Tex.Civ.App., 4 S.W.2d 1003, 1006, affirmed Tex.Com.App., 13 S.W.2d 334. A plaintiff cannot supply a fatal defect in the cause of action attempted to be asserted in his original petition by a supplemental petition, an amendment is required. Nor can a plaintiff recover judgment upon a cause of action asserted in a supplemental petition which is distinctly different from that alleged in plaintiff's original petition, upon his failure to establish to the satisfaction of the court, or a jury, the facts alleged as a basis for his recovery in the original petition. Glenn v. Dallas County, etc., 114 Tex. 325, 268 S. W. 452, 453; First Nat. Bank of Knox City v. Boyd, Tex.Civ.App., 75 S.W.2d 928; Texas Prudential Ins. Co. v. Willis, Tex.Civ.App., 79 S.W.2d 651; Wood v. Fulton Property Co., Tex.Civ.App., 92 S. W.2d 549; 33 Tex.Jur. 489, 490, 491.

Although plaintiff's failure to recover is apparently due to its failure to establish the essential facts alleged in its original petition, in considering the possibility of its right to recover on a different theory, we have considered whether in the interest of justice we should, and, if so, whether we had authority to reverse the judgment in order that plaintiff might allege facts constituting another ground or theory of recovery, if any it has.

In Hankins v. Minchew, Tex. Com.App., 285 S.W. 264, 265, Judge Speer, speaking for the court, said: "It is only where a judgment of the trial court has been reversed for other reasons that the cause will be remanded rather than rendered to enable the winning party below to amend his pleadings or otherwise strengthen his case." The same reasoning applies with reference to a losing as well as to a winning party. He quoted the following with approval:

"It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction."

In Wilson v. Standard Acc. Ins. Co., Tex.Civ.App., 115 S.W.2d 453, 455, plaintiff had failed to establish facts requisite for his recovery and on judgment being rendered against him appealed. The court said:

"Absent some affirmative error, properly assigned and prejudicial to appellant, an appellate court cannot reverse a proper judgment of the trial court merely to afford the appellant an opportunity to amend his pleadings, introduce additional evidence, or procure the submission of issues which were waived by him in the trial from which the appeal is prosecuted."

We have no authority to reverse a correct judgment in the absence of an affirmative error, prejudicial to appellant, properly assigned. Such error does not appear.

An estoppel of Mrs. Bizzell to assert the defenses alleged in her answer is certainly not shown as a matter of law. Speer's Law of Marital Rights in Texas (3d Ed.), sec. 272 et seq.

The judgment is affirmed.