636

## KEITH v. ALLEN.
### No. 11112.

Court of Civil Appeals of Texas. Galveston.
July 2, 1941.

Rehearing Denied July 24, 1941.

George N. Lusch on original brief, and Leon Weinberg and Geo. N. Luschon on rehearing, all of Houston, for appellant.

W. P. Hamblen, Jr., of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by Walter T. Keith, as administrator of the estate of Mary A. Wright, deceased, to recover from Julia Wright Allen the amount of an unsecured note in the principal sum of $500.

Appellee answered by general demurrer and general denial. She alleged that at the time of the execution of said note she was the wife of one Howard Locke Allen, and specially pled her coverture in defense of appellant's cause of action.

The case was tried by the court without a jury. At the conclusion of appellant's evidence, on motion of appellee, judgment was rendered that appellant take nothing

by his suit. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

While the statutes of this state impliedly invest a married woman with power to contract for necessaries for herself and children, and for such expenses as are incidental and necessary to the management and control of her separate property and such community property as the statutes commit to her charge, without the joinder of her husband (R.S.Articles 4614 and 4623, Vernon's Ann.Civ.St. arts. 4614, 4623; Service Parts Co. v. Bizzell, Tex. Civ.App., 120 S.W.2d 919, 923; Lee v. Hall Music Co., 119 Tex. 547, 551, 35 S. W.2d 685), the statutes do not give her the power to bind herself without the joinder of her husband to personal liability for debts other than those above enumerated. Lee v. Hall Music Co., supra.

Further, it has been uniformly held that one seeking to bind a married woman on a note or contract must bring his cause strictly within the statutes making her liable, and that the burden is upon him to establish the particular facts authorizing her to create the liability in question, for the reason that such facts cannot be presumed by reason of the fact that she did so contract. Martin v. Hays, Tex.Civ.App., 36 S.W.2d 796; Womack et ux. v. First National Bank of Anson, Tex.Civ.App., 81 S.W.2d 99.

In the instant case the undisputed facts clearly show that the cause of action asserted by appellant does not come within the provisions of any statute of this state under or by the provisions of which a married woman, not joined by her husband or not having her disability as a married woman removed, can be made liable.

The record shows that the note in question was executed by appellee in favor of her mother, Mary A. Wright, on February 6, 1934. At the time of its execution appellee resided in Boston, Massachusetts, and was married to Howard Locke Allen, who did not sign the note in question and who was not made a party to the suit. She remained his wife until the date of her divorce on June 22, 1934. There is no evidence in the record that would authorize a finding that appellee had been abandoned by her husband; that they were permanently separated, or that her disabilities as a married woman had been removed at the time of the execution of the note,

nor is there evidence that the proceeds of said note were used by appellee for necessaries for herself or her children, or for the benefit of her personal estate.

In the absence of findings of fact by the trial court, this court must presume that the trial court found every fact which had support in the evidence that will support or is in accord with the judgment rendered. There is evidence in the record under which the court would have been authorized to find: (1) That appellee was not permanently separated from her husband at the time of the execution of said note; and (2) that the proceeds thereof were not used for necessaries for appellee and her children, or for the benefit of her separate estate or community property committed to her charge.

While a note executed by a wife without the joinder of her husband is not void but is voidable only, at the instance of the wife, it is the established law that, where, as in this case, the wife has pled and established her coverture as a defense to a suit upon such an instrument, she is not personally liable thereon in the absence of a finding of facts which constitute exceptions to the statutory rule. Service Parts Co. v. Bizzell, Tex.Civ.App., 120 S.W.2d 919; Currie v. Melton, Tex.Civ. App., 96 S.W.2d 806; Thomason v. Haskell National Bank, Tex.Civ.App., 56 S.W. 2d 242.

Appellant complains of the action of the trial court in refusing to consider certain exceptions which were filed by him on the day the case was called for trial. It appears from the record that the case was set for trial on February 21, 1940, by agreement of the parties, and the pleading in question was filed on the eve of the trial. The court's action was based on his ruling that counsel for appellant had waived his right to interpose such exceptions in view of the special setting of the case by agreement of counsel and of the court's rule that exceptions to pleadings must be disposed of prior to the trial.

A trial judge is vested with a wide discretion in determining the manner and method in which objections and exceptions to pleadings and evidence are disposed of. This is particularly true in cases tried before the court without the intervention of a jury. In the instant case appellant has presented nothing tending to show that the trial court abused that

discretion in the proceeding complained of, since such exceptions and objections were properly disposed of during the trial of the case.

While other questions are raised by appellant in his brief, as we view the record, appellee's plea of coverture presents a complete defense to appellant's cause of action and renders the remaining assignments immaterial.

It necessarily follows that the judgment of the trial court must be, in all things, affirmed. It is so ordered.

Affirmed.