## MOORE v. THOMAS. (No. 41.)

(Court of Civil Appeals of Texas. Waco. Jan. 31, 1924. Rehearing Denied March 6, 1924.)

1. **Husband and wife** ⬤⟹58—**Wife may contract as to separate property through agent.**

The wife, who, under Rev. St. art. 4621, has management and control of her separate property, may through an agent make any contract in respect to it which she personally can make, as buying supplies for cultivation of her farm.

2. **Husband and wife** ⬤⟹138(1)—**Husband may be wife's agent.**

The husband may be the wife's agent in respect to her separate property.

3. **Husband and wife** ⬤⟹138(2)—**Evidence of husband's agency for wife held sufficient.**

Evidence that the husband, in buying supplies for cultivation of the wife's farm, was acting as her agent, held sufficient.

4. **New trial** ⬤⟹44(1)—**Inquiry by juror of court in presence of counsel held not misconduct.**

That, while the jury was considering the case, one of them asked the court, in the presence of counsel for both parties, whether credit should be allowed on account of what had been paid since commencement of action, plaintiff having testified to being paid a certain amount in such time from the estate of defendant's deceased husband, held not misconduct.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by Ben M. Thomas against Florence Moore. Judgment for plaintiff, and defendant appeals. Affirmed.

Spell, Naman & Penland, of Waco, for appellant.

W. L. Eason, of Waco, for appellee.

BARCUS, J. Appellee filed suit against appellant on a verified account for $724.25, with interest, alleging that at the special instance and request of Chas. E. Moore, the husband of appellant, he furnished the tenants of appellant groceries to said amount, and that Chas. E. Moore in purchasing same was acting as the agent for and on behalf of appellant; the groceries being purchased in the name of and charged to the "Moore Farm."

Appellant answered by general denial, and specially denied that Chas. E. Moore was her agent. Chas. E. Moore at the time the suit was filed was deceased.

The case was submitted on special issues, and the jury found that Chas. E. Moore was the agent of appellant and as such had authority to and did incur the indebtedness sued for, and based on said findings and the findings of the court, judgment was entered for appellee. Appellant presents seven assignments of error, but groups them under two propositions:

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1. That the evidence does not sustain the finding of the jury that Chas. E. Moore was her agent and as such authorized to purchase the groceries. There is no controversy about appellant owning a farm of about 1,000 acres; and that same was being cultivated by tenants, principally on the halves; and that Chas. E. Moore, with appellant's permission, looked after the renting of the property, the gathering of the crops, and had general oversight of the farm, and as such he made the contract with appellee to furnish the men on appellant's farm groceries, same to be charged to the account of the "Moore Farm." Appellant testified that Mr. Moore looked after everything on the farm, and that all of the men on the farm were working under his instructions, and that they planted such crops as he directed; that she did not give any of the directions as to the conduct of the farm, leaving all of those matters to her husband.

No question is raised about the indebtedness being incurred for the benefit of appellant's property, same having been furnished by appellee in order that appellant's farm might be properly cultivated.

[1-3] Under article 4621 of the Revised Statutes, the wife has the management and control of her separate property. The wife has a right to contract through her husband as agent, and all lawful contracts so made by her through her husband as agent are binding on her. Gohlman, Lester & Co. v. Whittle (Tex. Civ. App.) 254 S. W. 595; Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694; Barber v. Keeling (Tex. Civ. App.) 204 S. W. 139.

In the case of Barber v. Keeling, supra, this language was used:

"There can be no reason for asserting that a married woman cannot be bound by the acts and representations of an agent in regard to anything about which she has the power to contract, for the power to contract about any subject-matter carries with it the power to appoint an agent to make the contract for her. * * * What she could do in person she could do by an agent. * * * We have not seen in any Texas opinion any real valid reason for holding that the wife cannot authorize the husband to act as her agent."

The crops raised on the wife's farm constitute her separate property (Rudasill v. Rudasill [Tex. Civ. App.] 219 S. W. 843), and the wife has the implied right under the statutes to make contracts for the benefit of her separate property (Williams v. Doan [Tex. Civ. App.] 209 S. W. 761). The evidence was sufficient to justify the jury in finding that Mr. Moore was the agent of appellant and as such contracted the obligation sued for herein.

[4] 2. Appellant contends that there was misconduct on the part of the jury and that by reason thereof the trial court should have granted her a new trial. She bases this contention on the fact that while the jury was considering the case, one member of the jury, in the presence of counsel for appellant and appellee, asked the court if they should allow a credit on the account that had been paid since the suit was filed. The court would not answer the question, but asked the counsel for the respective parties if there would be any objection to his making a statement, when counsel for appellee stated that the amount that had been paid on the account since the suit was filed was $70.71 and asked counsel for appellant if there was any question about that, and appellant's counsel then stated that he objected to the whole proceeding. Nothing else was said. No pleadings had been filed by the appellant claiming any credit by reason of a payment since the suit had been filed. The jury in its verdict did give credit on the account for said $70.71, but appellee is not complaining. Appellant does not claim she was in any way injured by what was said or done. There is nothing in the record to show that there was any misconduct on the part of the court, the juror, or any one else. There is no evidence that the statement of appellee's counsel was repeated to the jury or that it had any influence on the jury. Appellee testified that he had been paid $70.71 from the Chas. Moore estate since the suit had been filed.

We have examined all of the assignments of error and do not think any of them show cause for a reversal.

The judgment is affirmed.