**DOCKERY et ux. v. JOHNSTON.   (No. 560.)\***

Court of Civil Appeals of Texas. Waco.
Sept. 29, 1927.

Rehearing Denied Oct. 27, 1927. Writ of Error Applied for Nov. 25, 1927.

**1. Husband and wife ⬡162—Married woman owning large separate estate held liable under express contract for attorney's fees for services rendered for protection of estate.**

Married woman owning large estate in her separate right *held* liable to attorney under contract of employment for services rendered by him for use and benefit and protection of such separate estate.

**2. Husband and wife ⬡162—Married woman is bound by contracts made for protection of her separate estate.**

Law is well settled that married woman may make contracts for protection of her separate estate, and that she is bound thereby.

**3. Attorney and client ⬡167(2)—Issue of amount unpaid attorney under contract for services held for jury under conflicting evidence as to time of termination of employment.**

In action by attorney against husband and wife for fees under contract for payment of $1,000 per year for legal services, amount unpaid under contract *held* question for jury's determination under conflicting evidence as to when employment ceased.

**4. Attorney and client ⬡167(2)—Question of reasonable value of services rendered by attorney in connection with handling of oil contracts held for jury.**

In attorney's action for services rendered in one county under express contract, and for reasonable value of services rendered elsewhere in connection with handling of oil contracts and perfecting title to defendant's holdings, question of reasonable value of services rendered elsewhere *held* to make issue for jury.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Suit by A. C. Johnston against T. B. Dockery and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Trippett, Boggess & Sheehy, of Waco, for appellants.

Weatherby & Rogers and Barney A. Garrett, all of Waco, for appellee.

BARCUS, J. Appellee, an attorney at law, instituted this suit against T. B. Dockery and wife, appellants, seeking to recover compensation for legal services which he had rendered to appellants. Appellee alleged that all of said services were rendered for the use, benefit, and protection of the separate estate of appellant Mrs. Dockery. Appellee claimed that he was entitled to reasonable compensation for the services which he rendered in the total sum of $13,765. In the alternative, he alleged that he was entitled to a balance due him of $1,250.69 on a contract of employment dated May 1, 1922, under the terms of which he was to receive $1,000 per year for services rendered appellants in McLennan county, and an additional sum of $5.000 for legal services rendered by him in perfecting the title and preparing oil contracts on lands owned by Mrs. Dockery in Crockett county. Appellants filed a general demurrer, a general denial, and specially alleged that appellee was only entitled to recover the balance due on the contract which they had made with him, under the terms of which he agreed to represent them for the sum of $1,000 per year, and claimed that the services rendered in reference to the Crockett county land were embraced under the terms of said contract of general employment. The cause was submitted to a jury on special issues, and the jury found that there was due on the contract the sum of $1,250 for services rendered prior to January 1, 1926, and that a reasonable compensation for the services rendered in connection with the Crockett county oil lands was $750. Judgment was entered in accordance therewith against Mrs. Dockery for the full amount and against her husband, T. B. Dockery, for the $1,250, with interest, due under the contract.

[1-4] Appellants contend that there is fundamental error apparent upon the record with reference to the judgment rendered against Mrs. Dockery, on the theory that the petition alleges that she is a married woman and that there is no allegation that the services rendered were for necessaries or for the use and benefit of her separate estate. We overrule this assignment. The petition alleges specifically, and the evidence shows without dispute, that Mrs. Dockery was the owner in her separate right of a very large estate, and that all of the services rendered by appellee as attorney under the contract of employment, as well as the services relative to the Crockett county land, were for the use and benefit and protection of Mrs. Dockery's separate estate. Appellee was denied a recovery on all other items of services rendered as pleaded by him. Appellant Mrs. Dockery, in her pleadings, and as a special defense to appellee's seeking to recover on quantum meruit, alleged she had made the contract, and agreed to pay appellee $1,000 a year for legal services to be rendered her, her contention being that appellee had ceased to represent her on July 1, 1925, and that the services rendered relative to the Crockett county land were embraced in the general contract; appellee's contention being that he continued to represent her under the contract until January 1, 1926, and that the Crockett county land matter was not embraced in the general contract. The law is

well settled that a married woman may make contracts for the protection of her separate estate and that she is bound thereby. Moore v. Thomas (Tex. Civ. App.) 258 S. W. 1087; Whitney Hdw. Co. v. McMahan, 111 Tex. 242, 231 S. W. 694; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120; Ware v. Hall (Tex. Civ. App.) 273 S. W. 925. The amount unpaid under the contract which all parties admitted had been executed was a question for the jury's determination. The terms of the contract specifically provided that services rendered thereunder were to be confined to McLennan county. The reasonable value of the services rendered for Mrs. Dockery in connection with the handling of the oil contracts and perfecting the title to her holdings in Crockett county was for the determination of the jury, and their finding with reference thereto is supported by the testimony. Appellants made no objections to the issues as submitted by the ·court and made no request for any additional issues to be submitted.

Appellants' assignments of error are overruled and the judgment of the trial court is in all things affirmed.