## RICHARDSON v. BASKIN.

No. 12554.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 24, 1931.

Rehearing Denied Nov. 21, 1931.
Second Motion for Rehearing Granted
Dec. 5, 1931.

Alva W. Bounds and Harry K. Brown, both of Fort Worth, for appellant.

Mays & Mays, of Fort Worth, for appellee.

DUNKLIN, J.

This suit was instituted by J. N. Baskin against Mrs. Roberta Richardson and her husband, J. M. Richardson, to recover on a promissory note, payable on demand to plaintiff's order, of date February 10, 1925, in the principal sum of $500, with interest at the rate of 10 per cent. per annum from date, with the usual stipulation of 10 per cent. additional of principal and interest, as attorney's fees, should default be made in the payment of the note. The note was signed: "Roberta Richardson by E. R. Holland, Agent."

Plaintiff alleged that he was a resident citizen of Tarrant county; that the defendants were nonresidents of the state but had property situated in Tarrant county, and a writ of attachment was issued at plaintiff's instance, which was levied on lot 20, block 86, of the town of Mansfield, Tarrant county. The return of the officer indorsed on the writ shows that the property was levied on as the property of the defendants Mrs. Roberta

Richardson and J. M. Richardson. In his amended original petition, plaintiff prayed for a foreclosure of the attachment lien on that property.

Plaintiff further alleged that the property levied on belonged to the separate estate of Mrs. Roberta Richardson, in that it had been devised to her by her father, A. J. Duke, by will duly probated in the county court of Tarrant county. E. R. Holland was appointed· independent executor, according to the terms of the will, and he duly qualified as such. There were further allegations to the effect that Mrs. Richardson had put E. R. Holland in charge and control of said lot with authority as her agent to expend money for improvements to be erected on said property, to rent the same, to pay taxes, etc., all for her use and benefit.

According to further allegations it became necessary to reconstruct, build, and repair houses on the lot in order to rent the same, and Holland had full authority so to do, and to perform all other acts necessary to make said improvements in order to make the property suitable for use and rental purposes; and in order to accomplish such purpose, it was necessary for Holland as her agent to borrow money from the plaintiff and execute the note, and he was authorized so to do.

There were further allegations to the effect that the improvements were made with the knowledge and consent of Mrs. Richardson and her husband and without objection from either; and that the note made the basis of plaintiff's suit was executed and delivered to plaintiff by Holland for money loaned by plaintiff with which to erect the improvements on the lot in controversy.

Defendant filed an answer to plaintiff's suit, which, among other things, embodied a plea of coverture for Mrs. Richardson, a plea of non est factum by her, coupled with a further allegation that she had never ratified or confirmed the acts of Holland in executing the note as her agent; a plea of failure of consideration and a special answer denying that Holland was ever authorized to borrow any money for the separate estate of Mrs. Richardson, or for the benefit of either of defendants. The answer also embodied a general demurrer and a special exception, presenting the contention that plaintiff's petition contained no allegation that the money borrowed from the plaintiff was actually used for the payment of the improvements.

The trial was before the court without a jury, and findings of fact and conclusions of law were filed by the trial judge, which appear in the transcript. From a judgment in favor of plaintiff, Mrs. Roberta Richardson has appealed.

The testimony of J. M. Richardson himself showed conclusively that both he and Mrs. Roberta Richardson authorized and employed E. R. Holland to make the improvements that were made on the lot and to purchase material and employ labor necessary therefor. Plaintiff testified without contradiction and without objection from defendants that the note sued on was for money borrowed by Holland, who stated at the time of that transaction that he was borrowing it to be used for the purpose of improving the lot in controversy which belonged to Mrs. Roberta Richardson; and other testimony was introduced which showed conclusively that at least some of the labor performed in the construction of the improvements was paid for by check drawn by E. R. Holland and signed: "Mrs. Roberta Richardson, by E. R. Holland, Agent." The evidence further showed that the improvements made consisted of building four houses on the lot, and an old house standing on the lot was torn down and some of the salvage therefrom was used in constructing the new ones. After the houses were finished, they were rented out, and a portion of the rents were collected by Holland and entered as credits on the note in suit. Defendants received the balance of those rents. The authority of Holland to execute the note was never questioned by either of the defendants until after Holland's death, and until plaintiff presented the note to J. M. Richardson for payment; although the latter testified that prior to such presentment he had never heard of the note and that neither he nor his wife had authorized its execution.

■■ The evidence just recited was sufficient, prima facie, to sustain the court's findings that the note sued on was executed by Holland as the duly authorized agent of Mrs. Roberta Richardson for money, with which to make the improvements on the lot, which was her separate property; that the money borrowed from plaintiff and evidenced by the note was used in the construction of those improvements; and that the same were beneficial to the lot and to Mrs. Richardson as its owner, which was self-evident; although proof of such benefits is. not now necessary to sustain a recovery under article 4614, Rev. Civ. Statutes, as amended by Acts 1929, c. 32, § 1 (Vernon's Ann. Civ. St. art. 4614), as shown by decisions hereinafter cited.

Mrs. Roberta Richardson did not testify in the case. Defendant J. M. Richardson testified in part as follows:

"As to whether Mr. Holland used the money he got for this note for something else I could have told from my bank balance whether he used that or not. With reference to whether he used this or my personal money, I judge he used my personal money because my accounts showed it. I know how much he paid out on these houses; not the exact dollars and cents, but I had something over eight thousand dollars; I don't remember it to a penny.

"We will put it this way, he was my agent or me and my wife's agent for the purpose of building and constructing the houses, but outside of that I say we gave him no authority to borrow money. Yes, I put my money with him, but as a banker and not as an agent. * * *

"I had enough money from other sources to build these houses. I kept an account for the construction of these houses and didn't have to borrow the money from other sources, and so far as Mr. Baskin's money was concerned it wouldn't have been necessary to use it. These checks were made out by Mr. Holland as 'Mrs. Roberta Richardson, by E. R. Holland.'"

■ However, defendants did not introduce J. M. Richardson's account in the bank to show that any of the items for the buildings were charged thereto, nor any return checks showing the same. Nor did they introduce the account in the bank of Mrs. Roberta Richardson to show any amounts to her credit there at any time, nor any return checks to show that Holland did not draw against it the full amount of plaintiff's loan.. All those facts were peculiarly within the knowledge of defendants, and since plaintiff had made out his case, prima facie, their failure to introduce evidence concerning the facts just mentioned was itself a circumstance which could properly be considered in aid of plaintiff's prima facie proof. Davis v. Etter & Curtis (Tex. Civ. App.) 243 S. W. 603, and authorities there cited; 10 R. C. L. pp. 884 to 886; 22 C. J. 115.

■ Furthermore, although Holland was employed and authorized by Mrs. Richardson and her husband to make the improvements, the record fails to show that any arrangements were made by them to furnish him the money necessary therefor; and under such circumstances the court was warranted in finding that in order to carry out the duties of the agent, it was necessary for him to borrow the money from plaintiff and to execute the note therefor. Such circumstances bring the case within the well-recognized exception to the general rule denying the authority of an agent to execute in the name of his principal a negotiable instrument, as shown by authorities cited by appellant, such as 3 Mecham on Agency, p. 696; 2 C. J. 636, 925; 21 R. C. L. p. 870, § 45.

■ The trial court was in error in the further holding that the will of A. J. Duke, appointing E. R. Holland independent executor, empowered him as such to bind the lot devised to Mrs. Richardson for the improvements made, since the provisions of the will showed an intention of the testator that the lot was to go to Mrs. Richardson as soon as the will was probated, which the uncontroverted evidence shows was done. However, the finding of agency on other grounds was sufficient to support the judgment.

■ Under provisions of article 4614, Rev. Civ. Statutes of 1925, Mrs. Roberta Richardson was vested with the sole management, control, and disposition of the lot, which included the legal right and authority through her duly authorized agent, E. R. Holland, to make the improvements on the lot and to borrow money necessary therefor by means of the note in the suit. Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694; Moore v. Thomas (Tex. Civ. App.) 258 S. W. 1087; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120.

For the reasons stated, all assignments of error are overruled, and the judgment of the trial court is affirmed.

On Appellants' Second Motion for Rehearing.

On original hearing we overlooked assignment of error complaining of excessiveness of the judgment rendered, and therefore leave is hereby granted to appellants to file second motion for rehearing.

■ A correct calculation of the amount due on the note sued on by the plaintiff shows a balance due of $622.15. Therefore, the second motion for rehearing is sustained and the judgment of the trial court is so reformed as to limit the recovery by plaintiff to $622.15, to draw interest at the rate of 10 per cent. per annum from the date of the judgment .of the trial court, to wit, 4th day of October, 1930, together with all costs incurred in the trial court. All costs of appeal are taxed against appellee. And in this connection, we have duly considered the contention made in the appellee's answer to the motion for rehearing to the effect that the appellee should not be taxed with the costs of appeal, since there was no specific point made in appellants' motion for new trial in the trial court to the effect that there had been a miscalculation · of the amount due on the note sued on; the.assignment in the motion on that point being general to the effect that the court erred in rendering the judgment for the sum of $774.-00. However, it was incumbent upon the appellee as well as upon the appellant to see that the calculation was correctly made. Furthermore, the excessiveness in the judgment rendered presented fundamental error, since the same was not warranted by the appellee's pleadings; he having specifically alleged the terms of the note sued on, which of themselves limited the recovery to $622.15. And as so reformed the judgment is affirmed. · ·