## JUNE, 1925

MRS. S. O. CAUBLE V. BEAVER-ELECTRA REFINING COMPANY.

No. 3875. Decided June 10, 1925.

(274 S. W., 120).

**1.—Cases Followed.**

The cases of Arnold v. Leonard, 114 Texas, 535, and Gohlman, Lester & Co. v. Whittle, 114 Texas, 548, are approved, and followed as controlling the decision of this case. (P. 4.)

**2.—Wife's Separate Property—Proceeds of Her Business—Husband's Gift from Community.**

The husband has the right to give the wife either his separate property or his interest in community property and thereby constitute it her separate property, if this does not interfere with the rights of creditors. Cox v. Miller, 54 Texas, 16, approved and distinguished. (P. 6.)

**3.—Same—Case Stated—Wife as Sole Trader.**

The wife engaged in the oil business on her separate account with the understanding with her husband that whatever profits she should make therefrom were to belong to her personally and constitute her separate estate. With profits so made she bought and sold oil leases, and acquired and operated drilling machinery upon leased property so acquired. In an action against husband and wife for the price of fuel oil bought by her to operate such machinery it is held that the property so acquired was her separate estate, and not community. (Pp. 4-6.)

**4.—Married Woman—Sole Trader—Contract.**

A married woman, engaged in the oil business as sole trader, but without exercising the statutory right to be declared a feme sole for trading purposes (Rev. Stats., Arts. 4629a-4629d, Act of 1911) acquired thereby machinery used by her in drilling for oil, it becoming, by her husband's agreement, her separate property. The action was for the recovery of the price of fuel oil bought by her for operating such machinery in boring for oil. *Held*:

(1) Being a feme Covert, she had no general right, under our statutes, to make contracts. (P. 7.)

(2)   The purchase was not for necessaries for herself or children, authorized by the statute giving her a right to contract therefor.   (P. 7.)

(3)   But the statute giving her the sole management of her separate property (Rev. Stats., Art. 4621) authorized her to purchase the fuel necessary for the operation of the machinery so separately owned and employed by her; and her separate estate was property held liable therefor.   Whitney Hardw. Co. v. McMahan, 111 Texas, 242, followed. (Pp. 7, 8.)

(4)   Though such machinery be regarded as community, and not the wife's separate property, yet, being her personal earnings and acquired by her efforts alone, they were placed by the statute under her management and control alone (Rev. Stats., Art. 4622 as amended in 1913); and they were not subject to debts contracted by the husband (Rev. Stats., Arts. 4621, 4624.)   (P. 8.)

(5)   Though without power generally to make contracts in the oil business of buying and selling leases in which she was engaged, this did not deprive her of the power to manage her separate property or the earnings so acquired; she was entitled to put it to use, not compelled to let it deteriorate by non-use; and could make contracts necessary for that purpose.   (Pp. 8, 9.)

(6)   Having, as she testified, purchased the fuel oil to operate rigs owned by her, her contract therefor was not invalidated by the fact that she afterwards used some of it to operate rigs owned by others, for which purpose she lacked power to contract for its purchase.   (P. 9.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Wichita County.

The Beaver-Electra Refining Company sued H. F. Cauble and S. O. Cauble, his wife, on a contract by the latter for the purchase of fuel oil.   Judgment was rendered in favor of the defendant husband, but plaintiff recovered against the wife, who appealed.   The judgment being affirmed (243 S. W., 762) Mrs. Cauble obtained writ of error.

*Weeks, Morrow & Francis*, for plaintiff in error.

This decision overrules what has heretofore been regarded as the clearly defined rules of decision in such cases.   It leaves the Bar of this State to speculate what power of contract a married woman has when engaged in a separate business venture.   We submit that the property which Mrs. Cauble had acquired was not her separate property.   Articles 4621, 4622, 4624, Rev. Stat., amended by the Act of April 4, 1917, Vernon's Sayles' Texas Civil and Criminal Statutes, 1918 Sup. Vol. 2; Cox v. Miller, 54 Texas, 16; Engleman v. Deal, 14 Texas Civ. App., 1, 37 S. W., 652; Suggs v. Singley, 167 S. W., 241; Cummings v. Cummings, 224 S. W., 903; Davis v. Campbell-Root Lumber Co., 231 S. W., 167.

Such fuel oil was not necessary for the care, protection and

preservation of the property of Mrs. S. O. Cauble, even if it was her separate property. The fuel oil certainly did not preserve the rigs; neither did the operation of the rigs preserve or protect her estate but were being used by her to enlarge it. Article 4621, Vernon's Sayles' Statutes, 1918 Sup.; Article 4624, Revised Civil Statutes of 1911; Article 4624 Vernon's Sayles' Texas Civil Stats., 1914; Article 4621, Vernon's Sayles' Revised Statutes, 1914; Article 4621, Revised Civil Statutes of 1911; Red River National Bank v. Ferguson, 206 S. W., 923; Speer's Law of Marital Rights in Texas, Par. 157; Simkins on Equity, Chapter 28, page 286; Cartwright v. Hollis, 5 Texas, 154; Stroter v. Brackenridge, 118 S. W., 632; Milburn v. Walker, 11 Texas, 329; Richardson v. Hutchins, 68 Texas, 88, 3 S. W., 276; Lynch v. Elkes, 21 Texas, 229; Haynes v. Stovall, 23 Texas, 625; Menard v. Sydnor, 29 Texas, 257; Taylor v. Thomas, 145 S. W., 1061; Billingsley v. Swenson Land Co., 123 S. W., 194; Flannery v. Chidgey, 77 S. W., 1035.

Even if it be admitted for the sake of argument, that the fuel oil furnished by the Beaver-Electra Refining Company at the instance and request of the defendant, Mrs. S. O. Cauble, a married woman, was for the benefit of her separate estate and reasonably necessary for its protection, care and preservation, that Mrs. S. O. Cauble is not bound in law for the payment of such contract when she pleads her coverture in bar. Articles 4621, 4622, 4623 and 4624, Vernon's Sayles' Texas Civil Statutes of 1914, Vol. 3; Articles 4621, 4622, 4624, Vernon's Sayles' Texas Civil and Criminal Stats., 1918 Sup., Vol. 2; Red River National Bank v. Ferguson, 206 S. W., 923; Mills v. Frost National Bank, 208 S. W., 698; Schenck v. Foster Building & Realty Co., 215 S. W., 877; Sewell v. Walton, 204 S. W., 371; Dickinson v. Griffith Lumber Co., 213 S. W., 341; Aiken v. First National Bank, 194 S. W., 610; Red River National Bank v. Ferguson, 192 S. W., 1088; Aiken v. First National Bank, 198 S. W., 1017, affirmed (Supreme Court), 206 S. W., 928; Whitney Hardware Co. v. McMahon, 231 S. W., 694; Kavanaugh v. Brown, 1 Texas, 481.

A married woman cannot engage herself in a business venture on her own separate account without having her disabilities removed, as provided by Statute, and bind herself by contract for the purchase of supplies used therein. Red River National Bank v. Ferguson, 206 S. W., 923; Dickinson v. Griffith Lumber Company, 213 S. W., 341; Mills v. Frost National Bank, 208 S. W., 698.

*Joseph H. Aynesworth,* for appellee.

Mrs. Cauble was possessed of separate estate, the same being created by virtue of a mutual agreement between herself and her husband. The fuel oil, for which defendant was sued, was reasonably necessary and required in the protection and preservation of her separate estate and therefore she was liable therefor. Section 351, Speer's Law of Married Women, last edition; Lindley v. Lindley, 102 Texas, 135, 113 S. W., 750; Sullivan v. Fant, 51 Texas Civ. App., 6, 110 S. W., 507; Whitney Hardware Company v. McMahan, 231 S. W., 694; Red River National Bank v. Ferguson, 206 S. W., 923.

Mr. Justice GREENWOOD delivered the opinion of the court.

This case involves the right of a married woman to bind herself by a contract incidental to the management of her separate property or of community property committed to her sole management, control and disposition. In opinions delivered today in the cases of Arnold v. Leonard, 114 Texas, 535, 273 S. W., 799, and Gohlman, Lester & Company v. Whittle, 114 Texas, 548, 273 S. W., 808, the Court has affirmed the right of a married woman to bind herself by contracts of this nature. The case was withdrawn from the Commission of Appeals pending our determination of the cases cited after full argument.

The opinion of Section A of the Commission of Appeals by Judge BISHOP is in accord with our conclusions, and is adopted as properly disposing of the case. It is as follows:

"Mrs. S. O. Cauble, plaintiff in error, engaged in the oil business upon her separate account, with the understanding with her husband, H. F. Cauble, that whatever profits she should make therefrom were to belong to her personally, and constitute her separate estate. She first began business as a broker, and from this business made commissions from which she derived about $48,000.00. With this money she began to buy and sell oil leases, and also bought and operated drilling rigs and machinery. She would operate these drilling rigs in drilling oil wells upon her own leases, and also leases owned by other parties. While so engaged in operating her drilling machinery and for the necessary purpose of operating same, she purchased from Beaver-Electra Refining Company, defendant in error, fuel oil of the market value of $4,452.58.

"Defendant in error filed this suit in the District Court against plaintiff in error and her husband, H. F. Cauble, by

allegations usually made in an ordinary suit on an open account for the market value of said fuel oil, and also alleged that S. O. Cauble was a married woman having a separate estate; that she purchased said oil under the name of the Cauble Oil Company, a trading name for herself and husband, and in so doing was acting for her separate estate and her husband; that they were partners in business and that each, and the separate estate of said S. O. Cauble, became liable, bound and promised to pay the full amount of said claim.

"H. F. Cauble and Mrs. S. O. Cauble filed separate answers consisting of general demurrer and general denial. Plaintiff in error, Mrs. Cauble, by special plea answered that the fuel oil purchased was not necessary for the support of herself and children, and that as a married woman she could not in law make a binding contract to pay for same on account of her coverture, which she pleaded in bar. She also alleged that at the time of the purchase she was engaged in business for her own account in which she bought and sold leases, and drilled oil wells, and engaged in the oil business generally; that she was not in any way joined by her husband and was not acting as his agent, and he had no interest whatever in such enterprise; that she was so engaged without his consent and he was not a party to her transactions. H. F. Cauble, by special plea, denied partnership, and alleged that he was not connected in any way with her oil dealings and transactions; and that he did not authorize her to incur this obligation and received no benefit therefrom and had no interest in the properties affected thereby.

"The case was tried before the court without a jury and a judgment was rendered for defendant in error against plaintiff in error for the amount of said account with interest, and that defendant in error take nothing against H. F. Cauble and he was discharged with his costs. On appeal by plaintiff in error the judgment of the trial court was by the Court of Civil Appeals affirmed (243 S. W., 762), and the case is before the Supreme Court on writ of error.

"Just a few days prior to the trial in the district court, a decree was rendered dissolving the bonds of matrimony theretofore existing between plaintiff in error and H. F. Cauble, and by said decree she was awarded all of the property she had acquired by reason of her own efforts, by agreement of both parties in the divorce case.

"By her first assignment plaintiff in error claims that the property for the use of which the fuel oil was purchased was

community property of herself and now former husband, H. F. Cauble, and for this reason she is not personally liable on account therefor.

"This oil was purchased by her for the purpose of operating oil rigs and machinery which she acquired as a result of her individual efforts with an understanding with her husband that all property so acquired by her should be her separate property. The husband has the right to give to the wife either his separate property, or his interest in community property, and thereby constitute it her separate property if he so desires, and if this does not interfere with the rights of creditors. In this case this seems to be the effect of what was done. Lindley v. Lindley, 102 Texas, 135, 113 S. W., 750; Cox v. Miller, 54 Texas, 16; Green v. Ferguson, 62 Texas, 529.

"The case of Cox v. Miller, supra, does not sustain the claim of plaintiff in error that the property for the use of which the fuel oil was purchased was community property, and not the separate property of Mrs. Cauble under the agreement and understanding between her and her husband. The holding there is, that community property under the statute cannot be converted into separate property of the wife by mere agreement or understanding, and thereby defeat the rights of creditors. In the opinion the Court says:

" 'We do not mean to deny that the husband * * * may not make to the wife a direct gift of his separate property, or out of the community estate. What we mean to say is that, by a mere agreement between the husband and wife, they cannot change the character or nature of their rights and interest in property owned and acquired by them from that prescribed by law, and thereby relieve it from liability to be taken in satisfaction for the payment of community debts.'

"Under the facts in this case it was the intention of H. F. Cauble that all property Mrs. Cauble should and did earn by her individual efforts was to be her separate property. He relinquished and gave to her this property in her own right. In discussing the rights of husband and wife and their community property, Justice Stayton, in Green v. Ferguson, supra, says:

" 'That as between them, he may make a gift of the common property in existence, or as it comes into existence, cannot be denied.'

"The next contention made by plaintiffs in error is, that even if same was her separate property, the fuel oil purchased by her was not necessary for the proper protection, care and preserva-

tion thereof, and for this reason she had no right to contract for such oil and thereby render her personally liable.

"Mrs. Cauble being a married woman could not by her contract render herself personally liable, unless she was by law given the right to make the contract. She had not by law been given the general right to contract. She had not applied to the district court to have her disabilities as a married woman removed, and been declared a feme sole for mercantile and trading purposes as provided by the Acts of the Legislature of 1911, Articles 4629a to 4629d, inclusive, R. S. These purchases were not for necessaries furnished her or her children. So if she is to be held personally liable, it must be by virtue of some law which authorized her to purchase this oil.

"Article 4621, R. S., as amended by Acts of 1917, provides that the wife 'shall have the sole management, control and disposition of her separate property, both real and personal,' subject to certain restrictions on incumbrances and transfers.

"These oil rigs and machinery belonged to her separate estate. She owned them in her own right. She had the right to operate them either on her own leases, or on the leases or land of others for whatever compensation she saw fit. She was by statute given the sole management and control of them. Fuel oil was necessary to their operation, management and control, and it would make no difference whether such fuel oil was necessary for their protection, care or preservation. In her sole management and control she was necessarily authorized to purchase this oil and bind her separate estate on such contract. Whitney Hardware Co. v. McMahan, 111 Texas, 242, 231 S. W., 694.

"In this cited case the Supreme Court, in an opinion by Justice Greenwood, uses this language:

"'As incidents to the wife's power of exclusive management and control of her separate property and of the specified portions of the community, she became vested with all such contractual power relative to same, as is requisite to make her power effectual.

"'The power granted by the statute to Mrs. McMahan to improved farm, and to receive the rents, would be or would soon become valueless if the holder of the right were denied the power to make a binding rental contract and the power to make engagements for repairs or betterments. * * *

"'The power granted by the statute to Mrs. McMahan to manage and control the store building, belonging to her separate estate, and the rents to be derived therefrom, carried with it the incidental and collateral power to make a contract with her

tenant to repair the store building and to employ others to make needed repairs. She would be liable for the breach of her contract and for the proximate results of negligence on the part of those employed by her, without protection from her coverture.'

"It seems too, that the power of the plaintiff in error to enter into these contracts of purchase, and thereby bind herself, should be sustained, even if the oil well rigs and machinery were not her separate property. They were personal earnings of the plaintiff in error. They were acquired by the efforts of the wife alone. Article 4622, R. S. as amended by Acts of 1913, provides that 'the personal earnings of the wife * * * shall be under the control, management and disposition of the wife alone.' Article 4621 provides that the personal earnings of the wife shall not be subject to the payment of debts contracted by the husband.

"Article 4624 is as follows:

" 'Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property shall be subject to the payments of debts contracted by the wife, except those contracted for necessaries furnished her or her children; provided, the wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract. (Act March 13, 1848, P. D. 4642. Acts 1913, p. 61, Sec. 1.)'

"The claim is also made that a married woman engaged on her own account in the oil business cannot bind herself by an enforcible contract to purchase and pay for fuel oil used in the course of such business. It is true Mrs. Cauble was engaged in the business of buying and selling oil leases. She had not been granted the general right to make contracts in relation thereto, and could not do so and thereby bind herself personally. However, the fact that she was engaged in a trading business did not deprive her of the exclusive power given her by statute to manage and control either her separate property and estate, or her personal earnings, and to make such contracts as were proper or necessary to such exclusive management and control. Notwithstanding she was engaged in the oil business without the power to make contracts generally, yet she was clothed with the same power to make contracts in the management and control of her separate property and her personal earnings, as was a married woman not engaged in such business. The mere fact

that she so managed and controlled such property as to increase such business, or in aid thereof, would not deprive her of the right to make these contracts of purchase. The law gives her the exclusive right to manage and control. There is nothing to indicate that she would be required to allow this property to deteriorate by non-use, or that she was to be restricted in her management and control, so as not to allow such property to be put to a use, which would aid her in her trading business. Mrs. Cauble testified that she purchased these rigs with money she earned from commissions, and that she contracted to buy this fuel oil to operate her own rigs. The fact that she used some of the oil to operate a rig not owned by her would not release her from liability, same having been purchased for use in operating rigs owned by her.

"We therefore recommend that the judgments of both the District Court and the Court of Civil Appeals be affirmed."

It is therefore ordered that the judgment of the District Court and of the Court of Civil Appeals be affirmed.

*Affirmed.*