BURROUS et al. v. ROBERTS. (No. 10428.)

Court of Civil Appeals of Texas. Dallas.
March 30, 1929.

Rehearing Denied April 27, 1929.

Geo. T. Burgess, of Dallas, for appellants.
John F. Murphy, of Dallas, for appellee.

JONES, C. J. Appellants, J. P. Burrous and Leona Burrous, are husband and wife. The wife, Leona Burrous, owns in her own separate right a lot in Hall's North Park addition to the city of Dallas, and so owned said lot on the first day of January, 1928. On that date the wife, joined by her husband, duly entered into a written contract with appellee for the construction of a building thereon. Under this contract, appellee agreed to furnish labor and material for the erection and construction of the building, and, as part of the consideration for such building, appellants executed and delivered to appellee a promissory note for the sum of $200, payable March 1, 1925, and secured its payment by the due execution of a deed of trust on said lot, with W. T. Sargeant as trustee. The note and deed of trust were of date, January 1, 1928, the date of the written contract. Appellee fully complied with the terms of the contract by the construction on the lot of the building which he had obligated himself to construct.

On June 9, 1928, after the maturity of the indebtedness, evidenced by the note, appellants filed suit in a district court of Dallas county, alleging the facts as above stated, together with an allegation that the contract and deed of trust created no lien or charge upon this lot, because at the time of the creation of this instrument Leona Burrous was a married woman and had no authority, under the statutes of this state, to contract for the erection of a building on her separate real

property, and no authority to mortgage her separate real property for the erection of a building thereon. It was further alleged that the building erected upon said property was not for the benefit of her separate estate, because, prior to the execution of this contract, the wife owned said lot clear of incumbrance, which was of more benefit to her and her separate estate than the incumbered lot with a building thereon. It is also alleged that the execution of the deed of trust constitutes a cloud on her title to said lot, and prays for a judgment canceling and removing said cloud, and for equitable relief.

The answer filed by appellee consisted only of a general demurrer to appellants' petition, on the ground that it stated no cause of action. This general demurrer was sustained by the court, and appellants have duly appealed from the judgment entered on this ruling of the court, and present for review by this court the correctness of such judgment. This contention is presented by a proper assignment of error.

We believe the question at issue is controlled by article 4614, R. C. S. 1925, which reads: "All property of the wife, both real and personal, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, as also the increase of all lands thus acquired, and the rents and revenues derived therefrom, the interest on bonds and notes belonging to her and dividends on stocks owned by her, shall be the separate property of the wife. The wife shall have the sole management, control and disposition of her separate property, both real and personal; provided however, the joinder of the husband in the manner now provided by law for conveyances of the separate real estate of the wife shall be necessary to the encumbrance or conveyance by the wife of her lands, and the joint signature of the husband and wife shall be necessary to a transfer of stocks and bonds belonging to her or of which she may be given control by this law."

It will be noted that this statute gives to the wife the sole management, control, and disposition of her separate property, both real and personal, provided only, if she should sell or incumber her real property, she must be joined by her husband in each instance. The petition shows that the husband joined with the wife in the due execution of all the instruments creating the indebtedness and incumbrance of the property. The wisdom of this legislation, which gives to the wife the right to incumber her separate real property, provided her judgment in the matter coincides with the judgment of her husband, is not for the courts to pass upon.

It is urged that, because the petition, in effect, alleges that the lot as incumbered is not for the benefit of the separate estate of the wife, but to the detriment of such estate, an issue of fact is presented for the determination of a jury. The statute in question contains no such restriction on the wife in conveying or incumbering her separate property, and we do not believe the courts are authorized to do so by construction.

It necessarily follows, in our opinion, that the court did not err in sustaining the general demurrer, and that this case should be affirmed.

Affirmed.