**GONZALES et al. v. WORD.**

No. 7649.

Court of Civil Appeals of Texas. Austin.

Oct. 28, 1931.

Rehearing Denied Nov. 18, 1931.

306

Sneed & Martins, of Austin, for appellants.

R. E. McKie and Tom G. Oliver, Jr., both of San Marcos, for appellee.

BAUGH, J.

Suit by W. A. Word against Jesusa Gonzales and husband, upon a verified account for supplies and merchandise furnished by him, and upon an oral contract which Jesusa Gonzales was alleged to have made to pay for same. Trial was to a jury upon special issues, and upon their answers judgment rendered for plaintiff; hence this appeal.

Many objections are made to appellant's brief; but we shall treat it as sufficient to present the only issue raised; that is, whether under the contract proven Jesusa Gonzales became primarily liable for the debts sued upon; or whether she only agreed to answer for the debts of another, in which case, the contract being oral, it would come within the statute of frauds. The following facts pertinent to this issue appear: Jesusa Gonzales owned as her separate property a farm in Hays county, and had, in addition, certain separate income from oil wells. She and her husband lived upon and operated the farm. The husband had no property. Two of her sons-in-law were her tenants upon the farm. In December, 1928, these tenants and Teodoro Gonzales came to appellee, who conducted a general mercantile business in the town of Kyle, and asked him to credit them for supplies for the ensuing year on which to live and make their crops on Jesusa Gonzales' property. Word declined to extend them credit unless and until Jesusa made satisfactory arrangements. This she did in the contract sued upon.

The appellee pleaded that the merchandise furnished was necessaries for Jesusa and family; that same was furnished for the use and benefit of her separate estate; that same was also necessary for the operation of her separate estate; and that by express agreement joined by her husband she contracted and agreed to pay for all such supplies so furnished or delivered to herself, her husband, and to her two sons-in-law, who were her tenants. W. A. Word and his clerk were the only witnesses who testified. Appellants offered no evidence. The jury, in response to special issues submitted to them, found as follows: (1) That Jesusa Gonzales made a contract with appellee whereby credit was extended to her husband and her tenants; (2) that she promised to pay out of her separate estate for all merchandise delivered to her, to her husband, and her tenants under said contract; (3) that said contract was for the benefit of the operation of the farm, her separate property; (4) that part of said merchandise constituted necessaries of life for herself and minor children, and that all of same was actually beneficial to the operation of her separate property; (5) that Word looked for payment for all of said merchandise to Jesusa Gonzales and her separate property.

At the request of appellant, the following special issue was submitted to the jury: "Did plaintiff and defendant Jesusa Rios Gonzales in December, 1928, make a verbal contract, by which plaintiff agreed to extend credit to Esteben Perez, Jacinto Martines and Teodoro Gonzales, for which items of credit the defendant Jesusa Gonzales agreed to pay?" To which the jury answered, "No."

It is clear from the foregoing findings that appellant was liable for the debt as a primary undertaking, based upon a valuable consideration, which she was authorized to incur if such findings are supported by the evidence. Appellant quotes excerpts from the testimony which, if taken alone, might indicate only a secondary liability of appellant, bringing the contract within the statute of frauds. We have read all the testimony, however, and the most that can be said of it is that it is conflicting. Hence the jury's findings based thereon become conclusive; and we must look to the testimony in support of their findings in testing its sufficiency rather than to that adverse to such findings. It is unnecessary to discuss either the testimony here or the law governing contracts by a married woman for the use and benefit of her separate estate. Such contracts are binding upon her and upon her separate estate.

There being sufficient testimony to support the jury findings making such indebtedness the primary obligation of Jesusa Gonzales for the benefit of her separate property, the judgment of the trial court will be affirmed.

Affirmed.