## N. Levin v. Frances H. Jeffers.

No. 5936. Decided July 19, 1932.
(52 S. W., 2d Series, 81.)

*Eskridge & Groce,* of San Antonio, for appellant.

Cited authorities in opinion.

*Lewright & Lewright,* of San Antonio, for appellee.

On the insufficiency of the petition. Haynes v. Stovall, 23 Texas, 625; Smith v. Friona State Bank, 28 S. W. (2d) 199; Cade v. Eastburn Co., 23 S. W. (2d) 865; Mitchell v. Federal Mortgage Co., 45 S. W. (2d) 649.

Mr. Judge LEDDY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Fourth Supreme Judicial District presents for the determination of the Supreme Court the following statement and question:

"This action was brought by N. Levin, in a District Court of Bexar County, against Frances H. Jeffers, surviving widow of S. L. Jeffers, deceased. Levin alleged in his petition that Mrs. Jeffers owned and still owns certain real property in the City of San Antonio, the same being a part of her separate estate. He further alleged:

" 'That some time during or prior to the month of June, 1925, said Frances H. Jeffers and her then husband, S. L. Jeffers, determined to construct and erect two buildings upon said property; one a hotel building, consisting of twelve stories and a basement, and one an apartment hotel, consisting of twelve stories and basement; the cost in both cases to be exclusive of architect's fees and furnishings. That both of said buildings were to be constructed according to plans and specifications prepared by Henry T. Phelps, Architect, and which said plans and specifications were then, or shortly thereafter, and at all events before agreement was made with this plaintiff, placed in a state of practical completion.

" 'That on or about the————day of June, 1925, the defendant, Mrs. Frances H. Jeffers, and her then husband, S. L. Jeffers, entered into a contract with this plaintiff, doing business under the trade name of General Contracting Company, substantially to the effect that the said plaintiff would furnish the labor and materials to construct said hotel building at a cost to the owner of Eight Hundred and Fifty Thousand ($850,-000.00) Dollars, and to furnish labor and materials to construct the apartment hotel building at a cost to the owner of the sum of Four Hundred Sixty Thousand ($460,000.00) Dollars. That the principal negotiations leading up to said contract were had between plaintiff and the said S. L. Jeffers, who, as to the details of construction and other such matters, acted for and with the knowledge, consent and approval of the defendant, Frances H. Jeffers.

" 'That thereupon the plaintiff, for the purpose of carrying out his obligations under said contracts, proceeded to the necessary preliminary work in preparing ground, purchasing materials, erecting protective. fences, walks, towers, etc., and placing equipment to properly carry on said construction work, and expended large sums of money therefor, in excess of Twenty Thousand ($20,000.00) Dollars.

" 'That if said contract had not been by the defendant breached, as hereinafter alleged, and if the plaintiff had been permitted to carry out the terms thereof and construct said buildings, then the plaintiff would have constructed and erected said buildings and furnished the labor and material therefor at a cost to the plaintiff which would have given him a profit of One Hundred Five Thousand ($105,000.00) Dollars, which said sum he was prevented from making by the acts of the defendant, as hereinafter shown.

" 'Plaintiff further says that on or about October 13, 1925, S. L. Jeffers departed this life and thereupon the defendant, Frances H. Jeffers, repudiated the said contract with this plaintiff and refused to proceed or to permit this plaintiff to proceed with the construction and erection of said buildings, and though often demanded has failed and refused to compensate this plaintiff for his loss of profits and damages, to plaintiff's damage in the sum aforesaid.

" 'Premises considered, plaintiff prays that the defendant be cited to appear and answer herein, and upon final trial hereof plaintiff recover of and from the said defendant, Frances H. Jeffers, the sum of One Hundred Five Thousand ($105,-000.00) Dollars, together with all costs of suit in this behalf incurred. Plaintiff further prays for all further and different relief to which he may be entitled, either under the rules of law or equity.'

"The trial court sustained the general demurrer to said petition, and upon the plaintiff's refusal to amend, dismissed the suit. Levin has appealed from the judgment of dismissal.

"The appeal presents the sole question of whether the contract alleged in said petition was such as to bind said Frances H. Jeffers, individually, to the performance of the obligation of said contract entered into by her and husband during coverture, and to render her personally and separately liable to the contractee for damages occasioned by her breach of said contract. On the original disposition of the case this Court affirmed the judgment of the trial court, holding that Mrs. Jeffers, being a married woman at the time she and her husband en-

tered into said contract, was not bound thereby, as will more fully appear from the accompanying opinion of this Court. The case is now pending on motion for rehearing, and to certify.

"The question is fraught with so much apparent difficulty and is obviously of such great importance to the jurisprudence of the State, that this Court deems it advisable and proper to submit it to Your Honors for determination.

"Accordingly, the Court of Civil Appeals in and for the Fourth Supreme Judicial District of Texas, through its Chief Justice, herewith respectfully certifies to our Supreme Court for their decision, the following question arising from the case stated:

"QUESTION: Does the petition of N. Levin, the plaintiff below, state a good cause of action against Mrs. Frances H. Jeffers, individually, she being a married woman at the time she and her husband entered into said contract?"

In our opinion, the trial court improperly sustained the general demurrer urged to appellant's petition. The petition set forth a good cause of action against appellee for damages for breach of the contract therein alleged.

The honorable Court of Civil Appeals seems to have predicated its opinion upholding the action of the trial court in sustaining the general demurrer upon two grounds: (1) Because the contract alleged to have been made by appellee, a married woman, was executory, and therefore might be repudiated by her without liability to appellant at any time prior to performance. (2) The petition was insufficient upon which to predicate a personal judgment against appellee, a married woman, because it contained no allegations that the contract relied upon was for the benefit of her separate estate or that the expense proposed to be incurred under the contract alleged was reasonable and proper for such purpose.

Under the averments of appellant's petition, the contract was not executory at the time it was alleged to have been breached by appellee. It was specifically alleged that subsequent to the making of the contract appellant entered into its performance and had expended more than $20,000 in so doing at the time the same was wrongfully breached by appellee.

If appellee, as a married woman, had the legal capacity to enter into a valid contract of the nature alleged, she could not repudiate the same, even if there had been no performance at the time she attempted to do so. It is quite true that there are certain executory contracts which a married woman may repudiate without being liable for resultant damages. Guest v.

Cox, 34 S. W. (2d) 301; Finley v. Messer, 9 S. W. (2d) 756. They are those which she is required to acknowledge in statutory form. Any contract, the validity of which is dependent upon her subsequently executing an instrument requiring her privy acknowledgment, she may repudiate at any time while the same remains executory. The reason she may do so is that the statutory acknowledgment, essential to give such contract validity, grants her the privilege of retracting it up to the time of performance. When her privy acknowledgment is taken to an instrument required by the statutes of this State to be so acknowledged, she must be free to take advantage of the privilege given her by the statute prescribing such acknowledgment, which is that she then declares such instrument to be her act and deed "and that she does not wish to retract it."

The contract declared upon by appellant is not one calling for the subsequent execution of an instrument required by the statutes of this State to be privily acknowledged by a married woman. It does not involve the transfer of any interest in her homestead or the conveyance or incumbrance of her separate real estate. A married woman cannot escape the consequences flowing from a breach of a contract of the nature alleged in this case upon the ground that it was executory at the time such breach occurred. She does not have the same right to retract such a contract prior to performance as she does in the case where her privy acknowledgment is essential to give validity to her contract.

It is needless to enter into any extended discussion of the question as to whether a married woman may enter into a valid contract for the construction of improvements upon her separate real estate. We think this question is foreclosed by the construction placed upon the statutes upon this subject by our Supreme Court in the cases of Whitney Hardware Co. v. McMahan, 111 Texas, 242, 231 S. W., 694; Cauble v. Beaver Electra Refining Co., 115 Texas, 1, 274 S. W., 120; Gohlman Lester & Co. v. Whittle et ux., 115 Texas, 9, 273 S. W., 808. It was determined in these cases that the Acts of 1913, 1917 and 1921 (Art. 4621, Vernon's Sayles Annotated Statutes, 1914; Vernon's Annotated Civil Statutes Supplement, 1918-1922), now Article 4614, R. S., 1925, granting to the wife the sole management, control and disposition of her separate property, both real and personal, was effective to enable her to bind herself by contracts necessarily incidental to such control and management.

It will be observed that the statute vesting in the wife the sole management and control of her separate real estate does

so without any limitation whatever. The Legislature not having seen fit to place any restriction upon the power expressly granted her in the management and control of her separate estate, the courts are not at liberty to circumscribe such power by judicial construction.

■ Certainly, the law-making body did not intend to so legislate upon this subject as to make it impossible for a valid contract to be made for improvements to be constructed upon the wife's separate property. The law has vested her with the sole management and control of such property. It necessarily follows that the husband can not bind her separate estate by his contract for its improvement. If she is not permitted to enter into valid contracts for this purpose, then such improvements can not be lawfully contracted for by any one. It is evident that no such result was contemplated by the enactment of this legislation. The granting to the wife of the sole control and management of her separate property by necessary implication clothed her, in the making of contracts in respect thereto, with all such incidental power as will render effectual the power expressly granted. It must be remembered that a married woman owns in her own right her separate property. When as such owner she was vested by law with its sole management and control it must have been contemplated that her power in this respect should be as broad and comprehensive as if she were a single woman.

■ But it is argued that under the provisions of Article 4624, R. S., 1925, appellant's petition stated no cause of action, because it contained no averment that the expenses incurred under appellee's contract for the improvement of her separate property declared upon in the petition were reasonable and proper.

Article 4624 reads as follows:

"Upon the trial of any suit as provided for in the preceding article, if it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were for the purposes enumerated in said article, and also that the debts so contracted or expenses so incurred were reasonable and proper, the court shall decree that execution may be levied upon either the common property or the separate property of the wife at the discretion of the plaintiff."

The preceding article (4623) referred to provides:

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife,

and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. The wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

An inspection of the last named article discloses that it has reference to contracts for necessaries furnished the wife and her children. This article as it existed before it was amended by the Act of 1913 (Acts 33rd Legislature; chap. 32) included contracts made for the benefit of the wife's separate estate. This portion of the article, however, was repealed by the Act of 1913. Red River Natl. Bank v. Ferguson, 109 Texas, 287, 206 S. W., 923. The provision of Article 4624 authorizing a levy upon the wife's separate property upon a showing that the debts contracted or expenses incurred were for the purposes enumerated in Article 4623 and were reasonable and proper can have reference only to the contract described in the latter article which is one for necessaries furnished to the wife or her children. The contract alleged in this case not being one included within the terms of Article 4623, it was not necessary that appellant's petition contain any allegation that the expenses incurred under the contract declared upon were reasonable and proper for the purpose for which they were to be expended.

We recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.