## Sam BAUM v. GLIDDEN COMPANY OF TEXAS.

### No. 2302.

Court of Civil Appeals of Texas. Beaumont.

Nov. 23, 1932.

Alfred Duperier, of Beaumont, for appellant.

J. B. Synnott, of Beaumont, for appellee.

WALKER, C. J.

This case was filed in justice court of Jefferson county by appellee against appellant, and resulted in a judgment by default in favor of appellee. Appellant duly prosecuted his appeal to the county court at law of Jefferson county, where it was tried to a jury in his absence, with judgment again in favor of appellee.

By his appeal, appellant asserts that the trial court erred in refusing to grant his motion for a new trial. His propositions are that his absence was excusable, and that he had a meritorious defense to appellee's cause of action. In his brief he makes no statement showing the nature of appellee's cause of action, nor does he suggest any defense thereto. By the statement in his brief, it appears that he was advised personally of the setting of his case on March 8, 1932, and made no effort to be present. The motion for new trial was properly overruled.

Affirmed.

## N. LEVIN, Appellant, v. Frances H. JEFFERS, Appellee.

### No. 8567.

Court of Civil Appeals of Texas. San Antonio.

Nov. 23, 1932.

Rehearing Granted Nov. 23, 1932.

Eskridge & Groce, of San Antonio, for appellant.

Lewright & Lewright, of San Antonio, for appellee.

On motion for rehearing.

For former opinion, see 52 S.W.(2d) 79.

SMITH, J.

In the trial court the general demurrer was sustained to the petition of N. Levin in an action against Frances H. Jeffers to subject her separate estate to liability upon a contract made by her during coverture. In the original disposition of the case the court affirmed the judgment of dismissal entered upon Levin's refusal to amend after the demurrer was sustained.

Pending Levin's motion for rehearing, this court certified the controlling question to the Supreme Court, which held that the trial court erred in sustaining the general demurrer. N. Levin v. Frances H. Jeffers, 52 S. W.(2d) 81. The case is fully stated in the Supreme Court's opinion.

In deference to that holding, it becomes the duty of this court to grant appellant's motion for rehearing and reverse and remand. It is so ordered.