**WILLSON et al. v. MANASCO et al.**

No. 4057.

Court of Civil Appeals of Texas. Amarillo.

Sept. 20, 1933.

Rehearing Denied Nov. 1, 1933.

Ayres & Ayres, of Floydada, for plaintiffs in error.

L. G. Mathews, of Floydada, and E. C. Nelson, Jr., of Amarillo, for defendants in error.

MARTIN, Justice.

The legal issue here is the validity of a contractual obligation of a married woman for improvements on her separate estate. In its precise facts an original case is apparently presented.

Plaintiffs in error, herein called plaintiffs, filed suit against defendants in error, herein called defendants, upon a promissory note. Defendants are husband and wife.

After describing the note in all of its terms, plaintiffs further alleged, in part: "Plaintiffs would further show to the Court that said above described promissory note was executed for the benefit of the separate estate of defendant herein, Kate H. Manasco,—the indebtedness evidenced thereby, and said note having been given for material, lumber, and labor for improving property belonging to the separate estate of the said Kate H. Manasco, defendant herein, furnished by plaintiffs to defendants at the special instance and request of said defendant Kate H. Manasco."

Defendants answered, specially denying that the note sued on was executed by Kate H. Manasco for "the benefit of her separate estate nor for any other purpose of which a married woman is legally authorized to contract."

Judgment was for defendant Kate H. Manasco, the wife, but against her husband, B. F. Manasco, for the amount of the note.

■ Special issue No. 3 submitted by the court to the jury presents at once the law point in controversy: "What is the unpaid balance, if any, owing to plaintiffs for materials furnished defendant, Kate H. Manasco and used for the benefit of her separate estate?"

The objection to this was that it required "the jury to find that the lumber had to be used for her separate estate after it was delivered, regardless of for what purpose it was furnished." In lieu of the above special issue, plaintiffs requested the following, which was refused: "Was the lumber and material furnished by plaintiffs to defendant to the amount evidenced by the note herein sued upon, furnished for improving the separate property of defendant Kate H. Manasco?"

The view of the trial court is further reflected from the following recital in his judgment: "And the Court having, before close of the evidence, in open court, suggested to counsel for the plaintiffs that he should support the allegations of his pleading to the effect that the materials were purchased *and used* for benefit of Mrs. Kate H. Manasco's separate property and that he show amount and value of such so used, and plaintiff having declined to offer further proof," etc. (Italics ours.)

The jury failed to answer special issue No. 3, above set out. Whereupon judgment was entered as aforesaid.

The plaintiffs did not allege nor attempt to prove that the material furnished was actually used for the benefit of the separate estate of Kate H. Manasco, but did offer proof that same was furnished for the purpose of improving her separate estate.

■ A consideration of the adjudicated cases construing article 4614, R. S., since its enactment, has convinced us that the trial court entertained an erroneous view of the law. We are not able to believe that the Legislature ment to place the burden on a party contracting with a married woman to prove that the material furnished her for improving her separate property was actually used by her for that purpose. By the terms of article 4614, she has the sole management and control of her separate estate. This necessarily implies the unrestricted right to contract with respect to its management. Otherwise the legislative grant of such power would be a sterile one.

■ It seems clear to us that the validity of such a contract depends on whether the material was to be used for improving the separate estate, rather than whether it was so used. Otherwise a married woman is at liberty to repudiate every such contract until such time as the material furnished has been actually used on her separate estate.

We quote from a Supreme Court Commission case whose reasoning seems to support our conclusion here:

"A married woman cannot escape the consequences flowing from a breach of a contract of the nature alleged in this case upon the ground that it was executory at the time such breach occurred. She does not have the same right to retract such a contract prior to performance as she does in the case where her privy acknowledgment is essential to give validity to her contract.

"It is needless to enter into any extended discussion of the question as to whether a married woman may enter into a valid contract for the construction of improvements upon her separate real estate. We think this question is foreclosed by the construction placed upon the statutes upon this subject by our Supreme Court in the cases of Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120; Gohlman, Lester & Co. v. Whittle et ux., 114 Tex. 548, 273 S. W. 808. It was determined in these cases that the acts of 1913, 1917, and 1921

(article 4621, Vernon's Sayles' Annotated Statutes 1914; Vernon's Annotated Civil Statutes Supplement 1918–1922), now article 4614, R. S. 1925, granting to the wife the sole management, control, and disposition of her separate property, both real and personal, was effective to enable her to bind herself by contracts necessarily incidental to such control and management. * * * When as such owner she was vested by law with its sole management and control, it must have been contemplated that her power in this respect should be as broad and comprehensive as if she were a single woman." Levin v. Jeffers (Tex. Com. App.) 52 S.W.(2d) 81, 84.

Obviously a contract for improvements on her real estate would be binding on a single woman. Under the above quotation Mrs. Manasco is likewise bound.

We cite the further case of Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120, 122, whose facts sustain the view that the use to which a married woman puts material purchased for the benefit of her separate estate, in no manner affects her original liability. We quote: "The fact that she used some of the oil to operate a rig not owned by her would not release her from liability; same having been purchased for use in operating rigs owned by her."

The question discussed is the controlling one in this case, and it is unnecessary to pass on other questions.

The charge given constitutes reversible error.

The judgment is reversed, and cause remanded.

### On Motion for Rehearing.

It is earnestly insisted that the error, if any, in submitting special issue No. 3 in the form quoted in the original opinion was harmless, in that plaintiffs failed to show what amount of the price of the material purchased and embodied in the note sued on went into the separate estate of Mrs. Manasco, it appearing that her children had an estate in Floyd county under the care of defendants, for the improvement of which materials were also purchased from plaintiffs at about the same time as those in controversy.

Keeping in mind that we are passing only on whether or not the evidence was sufficient to raise an issue, we are of the opinion that the evidence, some of which we now quote, was of such character and cogency as required the submission of an issue in the form substantially as requested by plaintiffs.

J. M. Willson, one of the plaintiffs, testified, in part:

"Q. Do you know whether this material and stuff furnished that went into the note was for the benefit of the separate estate? A. Yes, sir.

"Q. Do you know that the lumber and material furnished and went up to make up your note went for the improvement of Mrs. Manasco's separate estate? A. Yes, sir.

"Q. Was it for that purpose? A. Yes, sir."

Mr. Sanders, an employee, testified in part:

"Q. How many times did Mrs. Manasco come there? A. I only remember of her being there only once when she signed some papers but at that time she was living in California.

"Q. Then while she was away was any lumber furnished to her? A. Yes, sir.

"Q. Through whom? A. Mr. Manasco.

"Q. What did he tell you the lumber was for? A. It was for her property.

"Q. Her property? A. Yes, sir.

"Mr. Nelson: We object.

"The Court: No ruling.

"Q. Did he tell you who they wanted the lumber for? A. They told us what they were going to do and outlined their deal, and it was acceptable to Mr. Willson and we delivered lumber whenever they wanted it.

"Q. And it was charged to Mrs. Kate F. Manasco? A. Yes, sir.

"Q. Who was it charged to? A. Mrs. B. F. Manasco."

It is admitted that Mr. Manasco had authority to purchase this material for Mrs. Manasco and bind her estate.

This testimony was not on its face inherently inadmissible, and without probative force. On its face some of this amounts to a shorthand rendition of a fact, which could have been within the personal knowledge of the witnesses. Some of it may be, but it is not necessarily, a pure opinion and conclusion, as contended by defendants. It is argued that no finding could have been based on this testimony, since it showed to be inadmissible, and proved nothing. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; U. S. Fidelity & Guaranty Co. v. Henderson (Tex. Civ. App.) 53 S.W.(2d) 811; and many other authorities are cited by defendants as sustaining the above contention. There are expressions in some of these cases that apparently sustain this contention, but a close examination of the particular testimony under consideration in all the well-considered cases we have examined leads us to conclude that the rule invoked by defendants has no application to the character of testimony quoted above. No appropriate showing is made here that any part of this testimony was necessarily a pure opinion and conclusion, and no cross-assignment of error appears questioning its admissibility.

Motion for rehearing overruled.