### NORTH TEXAS BUILDING & LOAN ASS'N v. ELDER.

No. 12903.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 21, 1933.

Rehearing Denied Dec. 2, 1933.

Bert King, of Wichita Falls, for appellant.
· Harris & Martin, of Wichita Falls, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment exempting appellee from personal liability upon a note sued on by appellant. Appellee, a married woman, held as her separate property a note secured by a lien on a house and lot. This lien was inferior to a principal note of $1,500 secured by a lien on the same lot and owned by appellant.

Appellee took a conveyance of the property to her reciting a consideration of $3,000 in hand paid. and secured to be paid by appellee as follows: "The cancellation and surrender on one note" (etc., the second lien note) "and subject to the unpaid balance of one certain deed of trust note in approximately the sum of $1950 payable to" appellant.

Appellee paid some of the installments due on appellant's note thereafter and failed to pay others. The trial court found that the appellee assumed the first lien note and that she did so "to improve her position" as to the second lien, and that by virtue of her coverture she was not liable upon such assumption.

The case is before us without a statement of facts other than the findings filed by the trial court.

■ The mere statement in a deed that property is taken "subject to" a note secured by a lien as such property is not conclusive of nonassumption. Therefore in the absence of a statement of facts we must and do assume that the evidence supports the finding of the trial court that such assumption of appellant's note was made.

■■ Does appellee's coverture relieve her? That the contract to pay is executory is no defense. Whatever may have been the deductions drawn from language in earlier opinions, such as Guest v. Cox (Tex. Civ. App.) 34 S.W.(2d) 301, this question is settled adversely to appellee's contention by our Supreme Court in Levin v. Jeffers, 52 S.W.(2d) 81. We understand that the many-times announced proposition that a married woman is not bound upon purchase-money notes given to acquire a separate estate, Akin v. Thompson (Tex. Civ. App.) 196 S. W. 625, is yet the law.

■ The acquisition of real estate and the signing of notes therefor, if done to protect an already existent separate estate, i. e., as an exercise of the use and control given her by statute (article 4614, R. S. as amended by Acts 1929, c. 32, § 1 [Vernon's Ann. Civ. St. art. 4614]), of her other separate property, is not in conflict with Akin v. Thompson, supra, and is, we believe, fully supported by Levin v. Jeffers, supra. We can perceive no difference between buying real estate as an exercise of the use of other separate property and buying oil in such use. Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120, or insurance, Gohlman Co. v. Whittle, 114 Tex. 548, 273 S. W. 808.

■ The acquiring of title to this land could have been either as an independent investment or as a part of the management by appellee of her note. The trial judge who heard the witnesses has found that the acquisition of the land was in the effort "to improve her condition as to the second lien she had purchased" thereon, by which finding we understand that the moving purpose which induced appellee to assume the payment of this first lien was an effort to avoid injury to her separate property, the second lien.

The judgment of the trial court is reversed and remanded to the trial court for proceedings not inconsistent with this opinion.