**BROWN et ux. v. STOKER.**

No. 1621.

Court of Civil Appeals of Texas. Eastland.

Jan. 22, 1937.

Rehearing Denied Feb. 19, 1937.

Shropshire & Bankhead and McCall & McCall, all of Weatherford, for appellants.

Lyndsay D. Hawkins, of Breckenridge, for appellee.

GRISSOM, Justice.

On February 26, 1923, the defendants, T. W. Brown and wife, Zoe Brown, executed a promissory note for the principal sum of $6,000, due three years after date, payable to J. R. Alexander, guardian of the estate of C. T. Stoker, lunatic. To secure the payment of said debt, defendants executed a deed of trust on lots in Breckenridge, which lots were the separate property of Mrs. Brown. Thereafter, said guardian was discharged and adjudged a lunatic, and the present guardian appointed. On September 8, 1930, said defendants executed a note for the principal sum of $4,858.84, due two years after date, payable to Raymon Stoker, guardian of said estate; said note being in renewal of the unpaid balance of the $6,000 note.

In addition to the usual allegations in a suit on a note and for the foreclosure of a deed of trust lien, plaintiff alleged: That the lots in question were the separate property of Zoe Brown; that prior to the execution of the first-mentioned note defendants had subdivided a tract of land in Breckenridge into town lots, etc.; had dedicated the streets and alleys to the public; that they were desirous of selling such lots as city property; that the lots were not as salable as they would have been if improved; that defendants were desirous of improving the lots by the erection of houses thereon and thereby rendering same more salable; that defendants were in need of money with which to do so. "That for the purpose of placing such improvements upon said land so as to render same more salable, and with the intent and purpose of doing so with the money hereinafter referred to, defendant Zoe Brown * * * joined by her husband" executed the first mentioned note and borrowed and received from said guardian the sum of $6,000 for such purpose. Plaintiff further alleged that: "Such improvements if made actually would have benefited said land. Wherefore plaintiff says that the contract of defendant Zoe Brown to repay said money so borrowed by her and her husband was and is a contract for the benefit of her separate estate and incident to her power of exclusive management, control and disposition of her separate property."

It was further alleged and proved that the negotiations for the loan were carried on between Alexander, guardian, and Clark, his attorney, and Webb, as agent for the defendants; that Webb was authorized to obtain the loan; that in obtaining said loan and during the negotiations therefor Webb "repeatedly stated, declared and represented to said J. R. Alexander, and to said Charles H. Clark, Esq., in the presence and hearing of said J. R. Alexander, in substance and effect, that such money which was so being borrowed was desired, and was being borrowed, and would be used, by defendants and each of them for the purpose of the placing of improvements on, and for the erection of houses on, said separate property of defendant Zoe Brown," etc. That if defendants did not have such purpose and intention the guardian and his attorneys were ignorant thereof; that such

statements and declarations and representations made by Webb were made by him with the intention and for the purpose of procuring said loan; that said representations were relied upon by the guardian and his attorney; and that but for said representations the loan would not have been made.

The ·cause was submitted to the jury upon the following special issues, which were answered by the jury as indicated:

"Do you find from a preponderance of the evidence, that it was the purpose of the defendant, Mrs. Zoe Brown, in obtaining the loan in question, to place improvements upon the land covered by the deed of trust? Answer: Yes.

"Do you find from a preponderance of the evidence that the defendant, Mrs. Zoe Brown, herself, or acting through her husband, ever authorized E. H. Webb to obtain the loan from J. R. Alexander, guardian, for the purpose of placing improvements upon the land covered by the deed of trust? Answer: Yes."

In accordance with the verdict of the jury, the court entered judgment against the defendants for the principal, interest, and attorney's fees due on the note, and for a foreclosure of the deed of trust lien.

■ We think the evidence conclusively establishes the fact that Webb was the agent of the defendants in procuring the loan. Each of the defendants positively denied any intention or purpose to use the proceeds of the loan for the purpose of improving the separate property of the wife, and denied that Webb was authorized to so represent. Neither of the defendants had any conversation or dealings with the guardian and his attorney in procuring the loan. The defendants resided in Weatherford and the guardian and his attorney resided in Breckenridge. The conversations with reference to procuring the loan took place between Webb and the guardian and his attorney in Breckenridge. When the agreement had been made the note and deed of trust were sent to Weatherford for execution by the defendants where they were executed and then reurned to the guardian. We think proof of statements and representations made by the agent Webb to the lender at the very time Webb was engaged in procuring the loan as to the purpose for which the money was desired and intended was admissible. Proof of such present purpose and intent in obtaining the loan, showing the inducements leading to the execution of the note and deed of trust and to the extension of credit, did not violate the rule prohibiting the varying or contradicting of the terms of a written contract by parol testimony. Such testimony in no way contradicted any provision of the written contract and did not contradict the nature or character of liability expressed in the instruments but was consistent therewith. Cox v. Bray, 28 Tex. 247, 259; W. T. Rawleigh Co. v. Land et al., 115 Tex. 319, 279 S.W. 810, 812; McClenny v. Floyd's Adm'r, 10 Tex. 159, 163; Callaway v. Albin, 114 Tex. 5, 261 S.W. 372; Hoffer Oil Corp. v. Hughes (Tex.Civ.App.) 16 S.W.(2d) 901, 904; 10 R.C.L. 1039; 22 C.J. pp. 1253 and 1228; 17 Tex.Jur. § 395, p. 873.

■ We believe the evidence is sufficient to sustain the answer of the jury to the first issue submitted.

There is language in the deed of trust that, we think, may be justly considered as some evidence of a purpose and intention on the part of the defendants to use the money borrowed in improving the separate property of Mrs. Brown upon which a lien was fixed to secure the payment of the debt. There are many circumstances disclosed by the record that may . likewise be so considered.

■■ If testimony as to the admissions and declarations of Webb, while engaged in negotiating the loan, as to the purpose for which the borrowed money was to be used is admissible, then said agent's declarations and admissions made at said time (when considered in connection with .other evidence mentioned) are certainly sufficient to show that the purpose of the borrowers was to use the money in improving the separate property of the wife. We believe the evidence was properly admitted.

In 1 R.C.L. § 49, p. 508, it is said: "The general rule is that whatever is said by an agent, either in making a contract for his principal, or at the time and accompanying the performance of any act, within the scope of his authority, having relation to, and connected with, and in the course of, the particular contract or transaction in which he is then engaged— or, in the language of the old writers, 'dum fervet opus'—is in legal effect said

by his principal and is admissible in evidence against such principal."

Also, see 2 Tex.Jur. § 130, p. 530 et seq.; Id. pp. 425–427; 17 Tex.Jur. § 228, p. 552 et seq.; 22 C.J. § 440, p. 367 et seq.; 2 C.J. § 541, p. 855 et seq.; 3 C.J.S., Agency, § 236, p. 146 et seq.; 2 Am.Jur. § 363, p. 283; Reed et al. v. Hester et al. (Tex. Com.App.) 44 S.W.(2d) 1107, 1109; Tuttle v. Turner, 28 Tex. 759, 771; Birge-Forbes Co. v. St. Louis & S. F. Ry. Co., 53 Tex.Civ.App. 55, 115 S.W. 333; Wimple v. Patterson (Tex.Civ.App.) 117 S.W. 1034; Wardlaw v. Pace (Tex.Civ.App.) 66 S.W.(2d) 350, 351.

▬ The law has committed to the wife the sole management, control, and disposition of her separate property. Article 4614 (Vernon's Ann.Civ.St.). The wife may now contract for any expense in the proper exercise of her right of sole management and control of her separate property. The statute means that the expense must have been contracted for the purpose of benefiting property then owned by the wife. We think the creditor who lends money relying upon representations that the purpose of the borrower is to improve the separate property of the wife is not deprived of his right to insist upon the personal liability of the wife if the money be not in fact used for the purpose that it was represented that it was being borrowed. 23 Tex.Jur. p. 199 et seq.; Willson et al. v. Manasco et al. (Tex.Civ.App.) 63 S.W.(2d) 910; Welsh v. Pottorff (Tex.Civ.App.) 87 S.W.(2d) 287; Levin v. Jeffers, 122 Tex. 83, 52 S.W.(2d) 81; North Texas Bldg. & Loan Ass'n v. Elder (Tex.Civ.App.) 66 S.W.(2d) 379; 11 Tex.Law Review, 81; Burrous et al. v. Roberts (Tex.Civ.App.) 16 S.W.(2d) 981; Burlington State Bank v. Tucker (Tex.Civ.App.) 76 S.W.(2d) 811; Cullum et al. v. Lowe (Tex.Civ. App.) 9 S.W.(2d) 70; Dockery et ux. v. Johnston (Tex.Civ.App.) 299 S.W. 505; Gohlman, Lester & Co. v. Whittle et ux., 114 Tex. 548, 273 S.W. 808, 812; Richardson v. Baskin (Tex.Civ.App.) 44 S.W.(2d) 1067, 1069.

▬ Defendants' plea of limitation was properly overruled. The suit was not upon an oral contract to erect buildings, nor for a breach thereof. It was a suit upon a contract in writing, a promissory note, dated September 8, 1930, due two years after date. The suit was filed July 26, 1935. It was not barred by limitation for another reason. C. T. Stoker, the owner and holder of the title to the note, was insane. Article 5535; Texas Utilities Co. v. West et al. (Tex.Civ.App.) 59 S.W.(2d) 459; Moore v. Waco, 85 Tex. 206, 20 S.W. 61; Sasser v. Davis, 27 Tex. 656; Sherwood v. Sherwood (Tex.Civ.App.) 225 S.W. 555.

▬ By their tenth assignment of error appellants complain of the following argument of appellee's counsel: "Counsel for the defendants have argued that there is no evidence that the defendant, Zoe Brown, ever had any intention or purpose to use the money, the $6,000 borrowed, for improvements of the 10 acres of land in question; I say to you if there was no evidence to that effect then the court would not have submitted that question to you, and the court thought there was evidence to support that issue or he would not have submitted it to you."

The objection made was that it was improper and prejudicial. If the assignment, as presented, should be considered, we think that the argument complained of told the jury no more than the court had previously told it in the charge when it said: "In cases submitted upon special issues, the law provides that only material and controverted or disputed issues of fact be submitted to the jury for their determination, and that upon the answers of the jury to the questions propounded, that is, upon the state of facts found by the jury to exist, the court applies the law and renders judgment upon the whole case."

Such instruction by the court was not objected to. All of appellants' assignments have been considered and are overruled.

The judgment is affirmed.