## LEWIS et al. v. DANIELS.

### No. 2080.

Court of Civil Appeals of Texas. Waco.

March 9, 1939.

Rehearing Denied April 6, 1939.

R. R. Owen, of Corsicana, for appellants.

J. C. Jacobs, of Corsicana, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted in the justice court by appellee, Louis Tires Daniels, against Mrs. K. Phelps Lewis, hereinafter designated by name, to recover the sum of $112.45 for merchandise furnished and money loaned by him to her. Mrs. Lewis' husband, Joe Lewis, was made a formal party defendant. No judgment against him was sought and none rendered.

Appellee filed affidavit and bond for attachment and a writ was issued by the justice of the peace commanding the proper officer to seize so much of the property of Mrs. Lewis as should be of value sufficient to make the sum sued for and probable costs of suit. Said writ was immediately levied on a truck as the property of Mrs. Lewis. She, joined by her husband, with several sureties, made a replevy bond and the truck was surrendered to her. An appeal from the judgment of the justice court was prosecuted to the county court on the personal affidavit of Mrs. Lewis averring the inability of herself and husband to pay the costs or make an appeal bond.

The case was tried de novo in the county court. A motion to quash the attachment was presented by Mrs. Lewis and her husband, and overruled. The case was submitted on an agreed statement of the facts involved. The court considered such statement and rendered judgment in favor of appellee against Mrs. Lewis and the several sureties on her replevy bond for the sum sued for and costs of court. Mrs. Lewis and her sureties present said judgment to this court for review by appeal.

### Opinion.

Appellants present propositions in which they contend that the court erred in rendering judgment against them for any sum in excess of $11.50, on the ground that Mrs. Lewis was, at the time the other items of appellee's demand accrued, under coverture and had not had her disability removed for trading purposes, as

authorized by statute. The agreed statement of facts is very brief. On the 21st day of September, 1936, Mrs. Lewis was a feme sole. Her name at that time is not shown. She was then operating two separate places of business. One was a garage and the other a cafe; each of which was her separate business and property. The sum sued for is composed of three items. The first item is a charge of $11.50 for a set of truck springs sold her on September 21, 1936. She was at that time, as before stated, a feme sole. She does not contest appellee's right to recover this item. She married Joe Lewis on November 9, 1936, but for some reason appellee did not know of her marriage until after the other two items sued for had been furnished to her by him. One of said items is a charge of 95 cents for a drop light sold her on November 30, 1936, and the other is a charge of $100 for money loaned her on December 4, 1936. Said money was used to pay rent on her garage and her cafe. The truck on which the merchandise was used was her separate property. The money borrowed was intended to be used and was used to pay rent on her two places of business as aforesaid. It is definitely shown by the agreed statement of facts that the property so purchased and the money so borrowed were all used for the benefit of her separate property and estate.

■ The indebtedness incurred for the merchandise purchased and used for the repair of Mrs. Lewis' truck was clearly incurred for the benefit of her separate property. She had been married less than a month when she borrowed the money to pay rent. She did not even think to tell appellee of her changed status. The payment of rent was necessary for the protection of her separate property used in her respective places of business from the claims of the landlord. A closer examination into the nature of the landlord's rights in the premises under the circumstances existing at the time is rendered unnecessary by the express agreement of the parties that the borrowed money was used for the benefit of her separate business and property. Under these circumstances, her recent coverture constituted no defense to appellee's demands. Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S.W. 120, pars. 2 and 3; Levin v. Jeffers, 122 Tex. 83, 52 S.W.2d 81; Ware v. Hall, Tex.Civ.App., 273 S.W. 925, par. 4; Willson v. Manasco, Tex.Civ.App., 63 S.W.2d 910, par. 2; Dockery v. Johnston, Tex.Civ.App., 299 S.W. 505, par. 1, writ refused; Brown v. Stoker, Tex.Civ. App., 102 S.W.2d 248, par. 6; Gonzales v. Word, Tex.Civ.App., 45 S.W.2d 305, par. 4; Sommer v. Kramer, Tex.Civ.App., 67 S.W.2d 1078, par. 4.

■■ The motion to quash the attachment was based on appellants' contention that the affidavit therefor was fatally defective in failing to state affirmatively that such attachment was not sued out for the purpose of injuring or harassing both Mrs. Lewis and her husband. Our statute requires an affidavit for attachment to state affirmatively that such "attachment is not sued out for the purpose of injuring or harassing the defendant". When the attachment is sued out against two or more defendants for the seizure of property owned by each of them separately or by two or more of them jointly, the affidavit must negative an intent to injure the "defendants", though it is not necessary to add "or either of them". Perrill v. Kaufman, 72 Tex. 214, par. 2, 12 S.W. 125; Gunst v. Pelham, 74 Tex. 586, par. 3, 12 S.W. 233; Doty v. Moore, 102 Tex. 48, par. 2, 112 S.W. 1038; 7 C.J.S., Attachment, p. 303, § 127. The affidavit for attachment in this case was made by appellee in person. So far as material to the issue under consideration, it recites "that Mrs. K. Phelps Lewis, et vir, the defendants, is justly indebted to him * * *; that she, the said defendant, is about to convert her property, or a part thereof, into money for the purpose of placing it beyond the reach of her creditors, and that this attachment is not sued out for the purpose of injuring or harassing the defendant". The bond was payable to Mrs. Lewis alone. The writ of attachment commanded the seizure of the property of Mrs. Lewis alone. As hereinbefore stated, there was no contention that Mr. Lewis was liable for the debt and no recovery was sought or had against him. We think the above quotation from the affidavit for attachment shows that Mrs. Lewis was the only defendant in the attachment issued in this cause, and that the doubtless inadvertent use of the word "defendants" instead of "defendant" in stating the indebtedness claimed and the addition of the words "et vir" in that connection, were harmless, and that the affidavit for attachment was not defective on that account. The mo-

tion to quash the attachment was therefore properly overruled.

The judgment of the trial court is affirmed.